COCHRAN v. PITTSBURG, S. & N. R. CO. et al.

(Circuit Court, W. D. New York. February 6, 1907.)

1. RAILROADS—MORTGAGES—FORECLOSURE—CONDITIONS PRECEDENT TO SUIT.

The rule that a provision of a railroad mortgage requiring a request to the trustee by the holders of a majority in amount of the bonds secured and the tender of indemnity against liability for costs and expenses as a condition precedent to a suit for foreclosure must ordinarily be strictly complied with before a bondholder can maintain a suit to foreclose is not applicable where it appears from the bill filed by a bondholder that such compliance is impossible, and that the trustee is antagonistic to the foreclosure by reason of its interest in a second mortgage; and in such case the demand is unnecessary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 608.]

2. COURTS—JURISDICTION OF FEDERAL COURTS—ALLEGATIONS OF CITIZENSHIP.

The failure of an amended bill filed in a federal court to allege the citizenship of the parties at the time the suit was commenced, as well as at the time the amended bill was filed, is fatal to the jurisdiction of the court where that is dependent on diversity of citizenship.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 876–881.

Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On demurrers to bill.

Bushnell & Metcalf, for complainant.

Joline, Larkin & Rathbone and Kenefick, Cooke & Mitchell (Daniel J. Kenefick and Arthur H. Van Brunt, of counsel), for defendants.

HAZEL, District Judge. The defendants have interposed demurrers herein on the grounds that the court is without jurisdiction, the bill failing to show a controversy between citizens of different states at the time of the commencement of the action; that the Colonial Trust Company, the original trustee, or its successor, the Hamilton Trust Company, have not been requested to institute a foreclosure of the mortgage herein sought to be foreclosed, as provided therein; and generally, that the bill lacks equity and is multifarious.

The mortgage inter alia provides that bondholders shall not have the right to foreclose the mortgage for default of any of its conditions unless a majority in amount of the holders of bonds outstanding have requested in writing of the trustee that a foreclosure be brought in the name of the trustee and security for costs and liabilities be offered; such notification and indemnification in terms being made a condition precedent to foreclosure. The demurrants contend that the bill does not disclose a proper request to bring this action. Authorities abound that a provision contained in a mortgage such as is mentioned in the bill is purely contractual and ordinarily must be strictly complied with before a bondholder feeling himself aggrieved can enforce his remedy. See Chicago, D. & V. Railroad Co. v. Fosdick, 106 U. S. 47, 1 Sup. Ct. 10, 27 L. Ed. 47; Seibert v. Minneapolis & St. L. Railroad Co., 52 Minn. 158, 53 N. W. 1134, 20 L. R. A. 535, 38 Am. St. Rep. 530; Shaw v. Little Rock, etc., Railroad Co., 100

U. S. 612, 25 L. Ed. 757; Canada Southern Railroad Co. v. Gebhard, 109 U. S. 534, 3 Sup. Ct. 363, 27 L. Ed. 1020. That the orator was unable to give the necessary notice of a majority in amount of bondholders or of one-quarter of the outstanding bonds to the trustee is clearly perceivable on inspection of the bill. The complainant's right to maintain this action, however, is based upon the declared hostility of the trust company to the rights of the complainant; and therefore it is insisted that this action does not fall within the ordinary rule requiring such notice. The bill alleges that the designation by the Pittsburg, Shawmut & Northern Railroad Company without notice to the complainant of the Hamilton Trust Company to succeed the Colonial Trust Company was collusive and in violation of the terms of the mortgage, but, assuming such designation of trustee to have been properly made, it nevertheless is sufficiently clear that the interests of the trust company are antagonistic to the relief herein sought by the complainant. The Hamilton Trust Company owns bonds or represents holders of bonds secured by the second mortgage, and, as complainant's lien is superior, the rights of such company is affected by the relief demanded. In the circumstances it may be fairly presumed, I think, that a strict demand in accordance with the provisions of the mortgage was not only impossible of performance by the complainant, but by the acts of the trustee was rendered unnecessary. Lindner v. Hartwell R. R. Co. (C. C.) 73 Fed. 320; Farmers' Loan & Trust Co. v. North. Pac. R. (C. C.) 66 Fed. 169; Consol. Water Co. v. San Diego (C. C.) 89 Fed. 272; Ettlinger v. Persian Rug & Carpet Co., 142 N. Y. 189, 36 N. E. 1055, 40 Am. St. Rep. 587.

The bill is not multifarious. The various matters alleged are not collateral or independent of the text of the bill, a perusal of which indicates that the interests of the different defendants are liable to be affected by the decree of this court.

The remaining ground of demurrer relates to the jurisdiction of the court. The omission to allege that the orator was a citizen of the state of Massachusetts at the time the action was commenced is fatal. The decisions hold that it is not enough to allege the citizenship of the party bringing the suit at the time the amended bill was filed. Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Menrad v. Goggan, 121 U. S. 253, 7 Sup. Ct. 873, 30 L. Ed. 914; Sanbo v. Union Pacific Coal Co. (C. C.) 146 Fed. 80.

The demurrers are overruled upon all except the last ground. Complainant may have leave to amend within 20 days, with costs.