THOMAS D. WARREN AND THE PEOPLES BANK OF NEW BERN v. C. E. HERRINGTON, BESSIE G. HERRINGTON, AND A. O. NEWBERRY.

(Filed 15 March, 1916.)

**1. Venue—Collateral Notes—Mortgages on Lands—Removal of Causes.**

   Where an action is brought upon a note to obtain a personal judgment against the maker and for the sale of the collateral hypothecated, and it appears that among the collateral is a note secured by a mortgage on lands situated in a different county from that of the venue, but no relief by foreclosure of the mortgage is sought, the sale of the collateral does not affect any interest in the land which would require that the action be brought in the county where the land is situated, and a motion to remove the cause on that ground is properly denied.

**2. Judgments—Estoppel—Venue—Collateral Notes—Mortgages on Lands— Foreclosure.**

   Where under a decree of court a collateral note secured by a mortgage on lands is sold, the lands situated in a different county from that of the venue of the action, the defendant will be precluded from setting up defenses to the note, such as payment and the like, but not from pleading, in the suit to foreclose the mortgage, any proper defense peculiar to the mortgage itself, such as a denial of its validity, fraud in its execution, or lack of privy examination of the wife, etc.

APPEAL by defendant from *Bond, J.,* at November Term, 1915, of CRAVEN.

This is a motion by defendants C. E. and Bessie G. Herrington to remove this cause to Carteret County. The motion was denied, and said defendants appealed.

*Guion & Guion for plaintiffs.*
*C. R. Wheatley, Abernethy & Davis for defendants.*

BROWN, J. The basis of the motion is that this is substantially an action for the foreclosure of a mortgage of real property and that the lands described in the mortgage are situated in Carteret County. It is admitted that if it is not an action to foreclose a mortgage the action is properly brought in Craven County, the residence of plaintiffs.

The facts are that the defendant A. O. Newberry, being indebted to the plaintiff Peoples Bank of New Bern, executed his promissory note

with coplaintiff, T. D. Warren, as surety thereon, and as collateral security to this note pledged and deposited certain chattel and real estate mortgages and notes, the collateral note providing that in default in the payment of the principal note the bank might proceed to sell at public or private sale the collaterals hypothecated. Among the collaterals are certain notes executed by the defendants Herrington and wife jointly, secured by a mortgage executed by them on lands in Carteret County. There are a number of chattel mortgages and other real estate mortgages assigned to the plaintiff bank as collateral security for the Newberry note that are listed in the exhibits attached to the complaint.

The paper-writing, signed by Newberry, assigning these several notes and mortgages as collateral security to Newberry's note, is called, in bank parlance, a "collateral note," and contains a power of sale authorizing the bank, its president or cashier, to sell the collateral notes and mortgages at public or private sale and assign the same to the purchasers.

Instead of selling the collateral under the power of sale, the plaintiff bank seeks to have all the collateral, including the notes and mortgage of Herrington and wife, sold under judicial decree by a commissioner and the proceeds applied to payment of Newberry's note. Plaintiff does not ask to foreclose the Herrington mortgage. Whoever purchases the Herrington debt can do that by proceedings in foreclosure in Carteret County. The fact that in the complaint the bank asks for a personal judgment against Herrington and wife, the joint and several obligors on the note, does not convert this into an action to foreclose the mortgage securing such note.

At common law, and in this State prior to 1868, a bill to foreclose a mortgage must be filed in a court of equity, but the owner of the note secured could proceed in a court of law to obtain a personal judgment on the note. It is true, the plaintiff could not sell the mortgaged property under such execution. That could only be done by foreclosure proceedings in equity; but he could sell any other property of the debtor under his execution.

In *Connor v. Dillard*, 129 N. C., 50, relied upon by defendants, the action was to subject a certain tract of land in Nash County under a judgment lien to the payment of a note. The Court held that it was substantially an action to foreclose a mortgage. But *Justice Clark* said expressly that "If the action had been for a mere personal judgment, though on a mortgage note, it could have been brought where the plaintiff resides, and docketing the judgment would not convey to plaintiff any estate in the debtor's land."

And in *Councill v. Bailey*, 154 N. C., 59, *Justice Walker* says: "It is true, a mortgagee may sue for his debt without asking for a foreclosure, and collect his money by execution upon his judgment."

The exact point is decided adversely to defendant in *Max v. Harris*, 125 N. C., 345: "Where an agent for sale of goods gives a note and mortgage to secure his contract, and is sued for a breach thereof, but no remedy is asked upon the mortgage and none is given, the action is properly brought in the county where the plaintiff resides, although the land is in another county, where the defendant resides."

The Court says further: "That the removal was properly refused, as we do not see how the present action affects in any way the land in Orange County. It does not ask a foreclosure." The case of *Councill v. Bailey*, 154 N. C., 54, does not in the least militate against what we have here said. That was an action for specific performance, and it was held that "When it appears from the complaint in an action to enforce specific performance by the vendee of a contract to convey lands that a court of equity would decree a vendor's lien on the land and order it sold for the payment of the purchase price, if the alleged facts were established, the suit partakes in substance of the nature of one for the foreclosure of a mortgage, and is removable to the county in which the land is situated. Revisal, sec. 419."

In that case *Mr. Justice Walker* holds that "In a suit for specific performance brought by the vendor the measure of the kind of relief a court of equity will grant is not necessarily determined or controlled by the relief demanded in the complaint, *but by the facts set out in the pleadings.*" To the same effect is *Baber v. Hanie*, 163 N. C., 588.

In the case at bar the plaintiff not only does not seek to foreclose the defendant's mortgage, but does not set out in the complaint any facts upon which a decree of foreclosure could be based.

It is true, as contended, that the defendants Herrington and wife will be precluded by a judgment in this action upon the note from setting up any further defenses to the note, such as payment and the like. They have opportunity and must do that now or ever after hold their peace; but they would not be estopped from pleading in a suit to foreclose the mortgage any proper defense peculiar to the mortgage itself, such as a denial of its validity, fraud in its execution, or lack of privy examination of the wife, etc.

The motion to remove was properly denied.

Affirmed.