A. M. SHRAGO v. L. D. GULLEY.

(Filed 26 September, 1917.)

1. **Deeds and Conveyances—Surface Lines—Overhanging Buildings—Ouster —Remedy.**

    A call in a conveyance of a city lot to "a point on a line of the northern edge of" a brick store, the other lines called for being upon the surface of the ground, is to a point on the surface of the ground; and where the walls of the building appreciably incline upward over the lot conveyed, in this case four inches at the top, so as to prevent the use of the lot for an intended building, the encroachment amounts to an ouster, giving the owner a right of action.

2. **Same—Demurrer—Ascertainment of Facts.**

    The specific rights in this case of the owner whose land has been encroached upon by an appreciably overhanging wall of an adjoining brick building, on appeal from a judgment sustaining a demurrer to the complaint, will await the determination of the facts in the lower court.

3. **Pleadings—Relief—Facts Alleged.**

    Under our system of pleadings, the relief demanded in the complaint does not necessarily control the remedy, but it will be ascertained and granted upon the facts alleged and proved.

APPEAL by plaintiff from *Cox, J.,* at May Term, 1917, of WAYNE.

*D. H. Bland and J. L. Barham for plaintiff.*
*Dickinson & Land for defendant.*

CLARK, C. J. The court sustained a demurrer *ore tenus* to the complaint for that it did not set out a cause of action. The defendant conveyed to the plaintiff a certain lot in Goldsboro, described in the deed as follows: *"Beginning at the northeastern corner of the brick store* owned by L. D. Gulley on John Street, between Walnut and Mulberry, in the city of Goldsboro, and running thence with said John Street about 36½ feet to the line of the lot owned by Neuse Lodge, No. 6, of the Independent Order of Odd Fellows; thence westerly with said line 209 feet to a stake; thence southerly and parallel with John Street about 36½ feet to *a point on a line with the northern edge of the said brick store* owned by the said L. D. Gulley; thence easterly a straight line 209 feet to the beginning on John Street."

This lot is in the heart of the business district of Goldsboro, and is valuable for business purposes. The complaint alleges that the defendant knew the purpose for which the plaintiff purchased the lot, and that it was necessary for him to use every available inch in width. Plaintiff further alleges that when he started to erect his three-story building, at a cost of $20,000 (of which he had arranged to borrow $10,000), he

discovered that the northern wall of defendant's brick store (the south-ern boundary of this lot) was not a perpendicular wall, but leaned over on his lot about four inches at the top; that had he known this fact he would not have purchased the lot of the defendant, and that he has been prevented thereby from erecting the building for which he had plans prepared.

In 1 R. C. L., pp. 377-380, in speaking of "Encroachments," it is said: "No person has any right to erect buildings or other structures on his own land so that any part thereof, however small, will extend beyond his boundaries, either above or below the surface, and thus encroach on the adjoining premises; yet the erection of a house so as to overhang the adjoining land will not give the owner of the land encroached on the legal title to the part so overhanging. It would be a violation of his right for which the law would afford an adequate remedy, but would not give him an ownership or right to the possession thereof." He adds, however, that such encroachment is not an ouster of possession which by the lapse of time would bar the remedy of the owner of the land overhung by an adjoining wall. It depends upon circumstances, whether the owner of the property encroached upon is entitled to a removal of the encroachment or an ejectment or damages or an injunction. But in any event he has a cause of action. There are numerous cases in the notes. In this action against his grantor, the grantee asks for removal of the encroachment and for damages.

In 1 Corp. Juris., 1207, the same subject of "Encroachments" is very fully treated, with copious citation of authorities. It is there said, "The maintenance of an encroachment is a continuing trespass or nuisance," and the different phases call for appropriate remedy; what would be a suitable remedy on one state of facts would not be so in another. The subject is also treated 3 Devlin Deeds, sec. 1522. There are cases in which the Court held that the overhanging of one's premises by the wall of an adjacent proprietor one-fourth or one-half an inch would not be deemed a cause of action. But in this case the allegation is that the wall overhangs four inches, which would certainly be a material injury to the plaintiff, which must be taken as true upon a demurrer.

In *Sherman v. Williams,* 113 Mass., 481; S. c., 18 Am. Reports, it was held that the proprietor of a building owns to a line marked by a plummet dropped from the eaves of the house when the house is the boundary called for. In the present case there are no eaves, and the simple question is, What is the remedy of the plaintiff where the wall of the defendant's building leans four inches out of plumb over upon plaintiff's land? At the surface of the ground the defendant's wall is the line called for by the deed, but the wall is not perpendicular.

This is undoubtedly an "encroachment" for which the plaintiff has a cause of action. Cases of this kind are not very usual, in this State at

least, and it might be interesting to discuss the remedies applicable to the different states of circumstances, whether the remedy is by the recovery of damages or removal of the nuisance or by injunction, or otherwise; but such matters will arrise upon the ascertainment of the facts upon issues before a jury.

Whatever modification in the law that one owns his land perpendicularly *usque ad coelum* may be forced by the use of the air by flying machines, it will not affect this case. The calls in the deed are evidently the line on the surface of the ground, and the call to "a point on a line with the northern edge of the said brick store owned by the said L. D. Gulley" is a point on the surface of the ground, and the further call, "then easterly a straight line 209 feet to the beginning on John Street," is for a line marked on the ground. It does not contemplate any derogation of the principle that the purchaser takes from such line perpendicularly in the air and in the ground. If the facts are as alleged in the complaint, the plaintiff can recover damages on the warranty in his deed, or it may be he can have rescission and return of the purchase money.

The plaintiff is not restricted under our system to the relief demanded in his complaint, but is entitled to any relief which the facts alleged and proven entitle him to receive. Pell's Revisal, 467 (3), and cases there cited; *Bradburn v. Roberts,* 148 N. C., 214; *Baber v. Hanie,* 163 N. C., 588. The judgment sustaining in the demurrer is

Reversed.