J. W. LASLEY v. A. M. SCALES, TRUSTEE FARMERS' UNION BANK, THE WALNUT COVE MERCANTILE COMPANY.

(Filed 19 May, 1920.)

**1. Corporations—Receivers—Courts—Jurisdiction—Statutes.**

The property of an insolvent corporation in a receiver's hands is *in custodia legis*, and the court having jurisdiction, by virtue of its general equitable powers, and by express provision of our statute, Rev., 1204, may "dispose of all questions arising in the proceedings, and make all such orders, injunctions, and decrees therein as justice and equity may require, at any place in the district."

**2. Same— Liens— Mortgages— Deeds in Trust— Estates — Creditors — Equity.**

In administering the equities of an insolvent corporation in its receiver's hands among its unsecured creditors and those having liens upon its property by mortgages and otherwise, the court having jurisdiction may take charge of the property affected by such liens, whether by mortgage, or deed of trust, etc., and observing the validity of such liens, may make sale of the property affected by them through its own appointees, in disregard of the minor requirements of the deeds or other instruments, etc., where such course works no substantial impairment of the value of the security and is for the best interest of the owners and others having claim upon the assets.

**3. Same—Injunction—Restraining Orders—Powers of Sale—Parties.**

A shareholder had a receiver appointed for his insolvent corporation, wherein · pleadings had been filed and reference had, to ascertain the status of its indebtedness, and sought to enjoin the sale thereafter to be made of substantially all the insolvent's property by a trustee, under a deed of trust, executed theretofore and constituting a prior lien thereon, with allegations, and denials thereof, that the trustee and others were forming a corporation to purchase the property at a forced sale under the mortgage, to his irreparable injury, etc.: *Held*, the court, having jurisdiction, may disregard the power of sale contained in the mortgage, and observing the priorities, order the insolvent's property to be sold, for the best interest of lienors and other creditors; and that the remedy by injunction was available, but that the receiver was a proper and necessary party plaintiff to the suit.

**4. Corporations — Receivers— Parties— Shareholders— Consolidation of Suits—Actions.**

Where a receiver has been appointed, by a court having jurisdiction, of an insolvent corporation, at the suit of one of its shareholders, an injunction to prevent a sale under the power of a prior mortgage, to preserve its assets, etc., should be applied for by motion in the cause, and not by an independent suit by the shareholder; and where he has not been appointed at the time of the commencement of the shareholder's suit, this should be consolidated with the principal case, so that the court, having all parties before it in the same suit, will be enabled to make an authoritative and final disposition of the same.

CIVIL ACTION, heard on motion for restraining order, before *McElroy,*
*J.,* in STOKES, September, 1919.

No complaint was filed in the cause, but, on facts presented by affi-
davits of the parties, there was judgment restraining trustee from mak-
ing sale presently and until the hearing.

Defendants excepted, and appealed.

*J. D. Humphreys and E. B. Jones for plaintiffs.*
*G. L. Jarvis and C. O. McMichael for defendants.*

HOKE, J. From the facts properly presented, it appears that, on
26 March, 1919, plaintiff, a stockholder of defendant, the mercantile
company, instituted suit, under the provisions of the statute, to dissolve
the corporation for nonuser of the powers, Rev., ch. 21, sec. 1196. Com-
plaint and answer filed at Spring Term, 1919, Superior Court of Stokes
County.

That on notice duly issued and facts admitted in the pleadings, etc.,
there was judgment entered in cause, 4 October, that said corporation
go into liquidation, and J. W. Hall was appointed receiver to collect
the assets, etc., and subsequently, at Fall term, Superior Court, Stokes
County, before his Honor, Bryson, Judge, further orders were made in
said cause that W. Read Johnston, Esq., be appointed to take and state
an account of the affairs of the corporation, with a view to a distribution
of the assets, and that the receiver, J. W. Hall, as commissioner of the
court, make sale of the property of the corporation, and report to the
court concerning it.

That after the filing of the pleadings in the principal cause, and prior
to the adjudication thereon of McElroy, Judge, defendant, A. M. Scales,
advertised the real estate of the corporation for sale, on 6 October, 1919,
under a deed of trust antedating the suit, and made, so far as appears,
to secure a debt to the defendant, the Union Bank and Trust Company,
of $3,100, etc. Thereupon the plaintiff instituted the present action to
restrain the sale, and filed affidavits showing the pendency of the action
by him to dissolve the corporation and the filing of the pleadings therein,
and also of a *lis pendens,* purporting to affect the property of the com-
pany, etc. That the mortgage or deed of trust is on all the realty of
the company, consisting of several brick stores worth near $20,000; that
the advertisement for sale under the deed is done at the instance of the
defendant corporation, which has bought up a large part of the minority
stockholders, and in connection with the Union Trust Company, the
secured creditor is endeavoring to force a sale of the property with a
view of buying it in by a syndicate to be formed for the purpose, and,
if the proposed sale is allowed to proceed, it will result in a great sacri-

fice of the property, and to the irreparable injury of plaintiff and others in like case, etc. There were affidavits in denial of these averments, and thereupon the restraining order was entered, as stated. We have held at the present term, in *Lasley v. Mercantile Co., ante,* 575, that where the right to dissolve a corporation at the instance of a stockholder has been conferred by statute, and a Superior Court, having jurisdiction, may, by virtue of its general equitable powers, and by express provision of the law, Rev., ch. 21, sec. 1204, "dispose of all questions arising in the proceeding and make all such orders, injunctions, and decrees therein as justice and equity may require, and at any place in the district." And in furtherance of the principle, it is held for law in this jurisdiction that, while all valid and existent liens will be respected, a court, in the exercise of the powers referred to, may take charge of the property of the corporation, affected by such liens, whether by deeds of trust or other, and make sale of the same through its own appointees, and in disregard of the minor requirements of the deeds or other instruments, etc., where such course works no substantial impairment of the value of the security, and is for the best interest of the owners and others having claim upon the assets. *McLarty v. Urquhart,* 153 N. C., 339; *Pelletier v. Lumber Co.,* 123 N. C., 596; *Manning v. Elliott,* 92 N. C., 48.

In *McLarty v. Urquhart,* suit of foreclosure, in disregarding a requirement that the property be advertised in the *New York Herald,* and which requirement would entail or cost out of all proportion to the value of the property, the Court approved a decision in *Manning v. Elliott,* to the effect that a Court is not bound to decree a sale in strict accordance with the terms of the deed. "In this respect, it should exercise a sound discretion, having due regard under the circumstances of the case for the rights of the debtor and creditor." And in *Pelletier's case, supra,* the power of the Court to control and regulate the disposal of an insolvent corporation property in the hands of the receiver is fully recognized, and *Associate Justice Douglas,* in denying right of sale under prior lien without leave of Court, said: "Property in the actual or constructive possession of the receiver is in *custodia legis,* as the possession of the receiver is that of the Court, he being merely the hand of the Court. This exclusive possession of the receiver does not interfere with or disturb existing liens, preferences or priorities, but simply prevents their execution by holding the property intact until the relative rights of the parties can be determined.

"Another essential object sought to be obtained by the appointment of a receiver for an insolvent corporation is to prevent a sacrifice of its assets by a mutiplicity of suits and petty executions. Both of these objects would be destroyed by permitting any one, no matter what may

be his title, or claim to interfere with property *in custodia legis* without leave of Court, by which such custody is held," etc.

These general principles are in accord with well considered authority in other jurisdictions. *Wiswall v. Sampson,* 55 U. S. (14 Howard), p. 52, cited with approval in *Pelletier's case; Scott v. Crawford,* 16 Texas Civil Appeals, p. 47; *American Bank v. McGilligan,* 152 Ind., p. 582, and their proper application to the facts presented fully support the order restraining a sale by the trustee, it appearing that such a sale would withdraw the great bulk of the corporate property from the control of the court having jurisdiction of the matter, and probably result in a great sacrifice of the assets.

The injunction could more properly have been applied for by motion in the principal cause, and, to maintain it as an independent suit, the receiver should be made a party plaintiff, for it is more especially his province to institute and maintain actions to preserve the property for the benefit of all parties interested. At the time of suit commenced, however, he had not been appointed, and it appeared that present action was required.

On the record, we think it better that this suit be now consolidated with the principal case, to the end that, with all parties before it, the court will be enabled to make an authoritative and final disposition of the cause, and of all questions involved and presented in the same. *Ins. Co. v. R. R., ante,* 255, citing *Blackburn v. Ins. Co.,* 116 N. C., 821, and *Monroe Bros. v. Lewald,* 107 N. C., 655.

Modified and affirmed.