JOHN R. JONES, Jr., and L. P. WILKINS, and All Other Creditors Who May Join Herein, and Contribute to the Costs of This Action, v. ATLANTIC AND WESTERN RAILROAD COMPANY.

(Filed 20 April, 1927.)

1. **Corporations—Bonds—Mortgages—Trusts—Deeds and Conveyances— Foreclosure—Sales—Contracts—Stipulations.**

Where a railroad corporation conveys its property, and income in trust for the purpose of securing the payment of coupon bonds to be issued and generally sold for the equal protection of all purchasers, a provision in the deed of trust to the effect that upon default in the payment of the interest, etc., the trustee shall have the power to foreclose upon request of the holders of a certain part of the par value of the bonds, is for the benefit of all such holders, and those who held such proportionate part are bound by the valid provision of their contract, and without complying therewith a permanent receiver may not be appointed by the court under the provisions of C. S., 1185, in their direct suit for the purpose, though the corporation itself may be insolvent.

2. **Pleadings—Prayer for Relief—Courts—Interpretation—Foreclosure.**

The prayer of the complaint for the relief sought is not determinative thereof, but ultimately dependent upon the legal effect of the matters alleged in the pleadings to be interpreted by the court.

3. **Mortgages—Foreclosure—Sales—Trusts—Courts—Contracts.**

While ordinarily a mortgagee may either foreclose the mortgage in conformity with its terms or apply to the court for foreclosure, the latter course is not available if contrary to a valid stipulation clearly expressed in the instrument.

APPEAL from order of *Cranmer, J.,* at chambers, dated 16 December, 1926, signed at Smithfield, N. C. Reversed.

Action to recover judgment upon bonds issued by defendant and held by plaintiffs; for the appointment of a receiver for defendant corporation, to the end that its affairs may be wound up and its assets equitably distributed amongst the persons entitled thereto; and for the sale of property described in the deed of trust executed by defendant to secure payment of said bonds and of other bonds described therein, and the application of the proceeds of said sale to the payment of defendant's indebtedness in accordance with the rights of the parties hereto.

From order appointing a permanent receiver for defendant, and authorizing, empowering, and directing said receiver to take possession of all its property, and to continue the operation of its railroad, defendant appealed to the Supreme Court.

*Seawell & McPherson for plaintiffs.*
*Hoyle & Hoyle for defendant.*

CONNOR, J. The defendant herein is a corporation, organized under the laws of the State of North Carolina, and engaged in the operation of a railroad, as a common carrier, for the transportation of passengers and freight. Its railroad extends from the town of Sanford, in Lee County, to the town of Lillington, in Harnett County, a distance of twenty-five miles.

On 5 June, 1912, the defendant corporation, by deed of trust which has been duly recorded, conveyed to the Fidelity Trust Company, a Maryland corporation, the following described property:

"All the railroad of the Atlantic and Western Railroad Company, beginning at the town of Sanford, North Carolina, in the county of Lee, and running thence eastwardly in the direction of Newton, North Carolina, through the counties of Lee, Moore, Harnett, Wayne, Johnston, Sampson, Montgomery, Stanly, Cabarrus, Lenoir, and Catawba, and all extensions thereto and branches thereof, and all physical property of every description connected therewith, or with the use and occupation thereof, and all other real estate and tangible property now owned or hereafter to be constructed or acquired by the said railroad company in the State of North Carolina, or elsewhere;

"And all of the rights of way and land now or hereafter to be accepted and used in connection with, or for the construction, completion, and maintenance of said railroad, or its extensions and branches, and all of its rails, bridges, culverts, sidetracks, depot grounds, stations, machine shops, buildings and other structures, locomotives, engines, tenders, cars and other rolling stock and equipment of every kind; and all machinery, wood, coal, fuel, oil, or other supplies now owned or hereafter acquired by said railroad;

"And all the rights, powers, privileges, immunities, and franchises owned by, connected with, or hereafter to be acquired by or connected with said railroad, its branches or extensions, and all grants, leaseholds, leases, terms, trackage, or other agreements, contracts, easements, tenements, hereditaments, and appurtenances now or hereafter held by or appertaining to said railroad, or its branches or extensions; and all tolls, rents, issues, profits, and any and all income of any and all of said property, rights and franchises covered by or included in the terms of this mortgage; and all real property and tangible personal property of every name and nature, and any and all rights, franchises, privileges, immunities, and appurtenances which from time to time hereafter may be expressly conveyed, granted, transferred, assigned, mortgaged, or delivered and pledged by the railroad, or by any person or corporation in its behalf, and with its written consent or approval, to the trustee hereunder as additional security for the bonds secured by this mortgage."

The above-described property was conveyed to the trustee named in said deed of trust "for the following uses and purposes, and no other, that is to say, for the equal and proportionate benefit and security, subject to the terms, conditions, and provisions hereinafter set forth, of all the present and future holders and owners of the bonds, or interest coupons hereunto belonging, issued and to be issued under and secured by this indenture, etc."

Pursuant to the provisions of said deed of trust, defendant has issued its bonds in the sum of $332,000, which are now outstanding. Each of said bonds is due and payable on 1 May, 1952, with interest thereon at 5 per cent per annum, payable semiannually on 1 November and 1 May of each year, according to the terms of coupons attached thereto. It is provided on the face of each bond that "this bond is one of a series of coupon bonds of the Atlantic and Western Railroad Company, known as the Atlantic and Western Railroad Company First Mortgage Five Per Cent Forty-Year Gold Bonds, issued and to be issued to an amount not exceeding $1,500,000 in the aggregate, under and in pursuance of and all equally secured by a mortgage or deed of trust dated May, 1912, duly executed by the Atlantic and Western Railroad Company to the Fidelity Trust Company (Baltimore, Maryland), a corporation of the State of Maryland, as trustee, and covering the property and franchises in said mortgage or deed of trust, to which reference is hereby made for a description of said property and franchises, and for a specification of the nature and extent of the security of the rights of the holders or owners of the bonds of said series, and of the terms and conditions under which the same are issued, or to be issued, and to be issued subject to the provisions of the said mortgage or deed of trust, to which provisions any and every person taking, holding, or claiming an interest in this bond, or in any of the coupons hereto attached, shall be deemed to have assented."

Plaintiffs John R. Jones, Jr., and L. P. Wilkins are the holders and owners of bonds of the par value of $140,000, included in the issue of $332,000. All of these bonds are held and owned subject to the provisions, terms, and conditions of the deed of trust by which they are secured. No part of the interest on any of said bonds, including the bonds held and owned by plaintiffs, has been paid since 1 November, 1917. Interest on each and all of said bonds since said date is now due, in accordance with the terms and conditions set out in the coupons attached to each of said bonds. There is no provision in said bonds, or in the coupons attached thereto, by which the maturity of the bonds, due according to their tenor, on 1 May, 1952, is accelerated, upon failure of defendant to pay the interest coupons as they shall become due. There is, however, in the deed of trust a clause in words as follows:

"When trustee shall declare principal due. But in the event that default shall be made in the payment of any interest coupon, or any bond issued hereunder, and such default shall have continued for a period of 90 days; or in the event default shall be made in the due and punctual payment of the principal of any bond issued and secured under this indenture, and then outstanding, when and as the same shall have become due, or shall have been declared due and payable, or in the event of default in the due observance or performance of any other covenant, condition, or agreement herein required to be kept or performed by the railroad, and such default shall have continued for a period of 90 days after due service upon the president of the railroad of written notice thereof from the trustee, or from the holders of at least 25 per cent in principal amount of all bonds issued and secured by this indenture and then outstanding, specifying such default and requiring same to be remedied; or in the event that an order shall be made by a court of competent jurisdiction appointing a receiver of the railroad, or if its property and franchises, or for the liquidation of its affairs or business; then, and in each and every case, the trustee may, and upon the written request of the holders of a majority in amount of all the bonds issued and secured hereunder and then outstanding, and upon being furnished reasonable security and indemnity against all costs, expenses, and liabilities to be by it incurred, the trustee shall by notice in writing delivered to the president, secretary, or treasurer of the railroad, declare the principal of all bonds issued hereunder and then outstanding to be due and payable forthwith and immediately; and upon such declaration such principal shall thereby be and become forthwith and immediately due and payable, anything contained in this indenture, or in said bonds or coupons to the contrary notwithstanding. But if at any time after such declaration and before any sale of the mortgaged premises shall have been made, all arrears of interest, with interest at the rate of 5 per cent on overdue installments thereof, and all other amounts (except the principal of the bonds with respect to which the railroad shall then be in default), together with the reasonable charges and expenses of the trustee, its agent and attorneys, shall be paid by the railroad, or collected by the trustee out of the mortgaged premises; then and in such cases the holders of a majority in amount of the bonds secured hereby and then outstanding may by written notices to the railroad and the trustee waive such default and its consequences; and thereupon the date for the payment of the principal of said bonds shall be restored to what it was prior to such declaration by the trustee."

This action was begun on 8 December, 1926, by plaintiffs, as holders and owners of bonds issued by defendant as aforesaid, in behalf of themselves and of all other creditors of defendant, who may join herein and

contribute to the costs of the action. It came on for hearing before the judge of the Superior Court, holding the courts of the Fourth Judicial District, at Smithfield, N. C., on 16 December, 1926, upon an order theretofore entered herein, dated 8 December, 1926, requiring defendant to appear and then and there show cause why a receiver should not be appointed for defendant to the end that its affairs may be wound up and its assets distributed to those who by law are entitled thereto. At the time of the entry of said order to show cause why a permanent receiver should not be appointed, upon the application of plaintiffs, a temporary receiver for defendant was appointed, with power and authority to assume immediate custody and control of all the property of the defendant company, including its physical and intangible properties, road bed, rolling stock, equipment, evidence of indebtedness, choses in action, franchises, and all property whatsoever. The said temporary receiver was authorized and directed by the court to operate defendant's railroad as a going concern, assuming with respect thereto all of the rights, powers, and duties necessary for the carrying out of the order of the court. Pursuant to said order, and after full compliance by him with its terms, the said temporary receiver took possession of defendant's railroad and other property, and began and continued to operate said railroad until the hearing on 16 December, 1926.

Neither the Atlantic and Western Railroad Company, defendant herein, nor the Fidelity Trust Company, the trustee to whom defendant had conveyed by the deed of trust all its property to secure the bonds issued by defendant, including the bonds held and owned by plaintiffs, had any notice, prior to the commencement of this action, that plaintiffs had become the owners of said bonds; no request had been made by plaintiffs, or by anyone for them, of the trustee to declare said bonds due and payable, forthwith and immediately, because of default in the payment of the interest coupons attached to said bonds.

At the hearing at Smithfield, N. C., on 16 December, 1926, defendant appeared in response to the order to show cause why a permanent receiver should not be appointed, and having introduced in evidence the deed of trust from the Atlantic and Western Railroad Company to the Fidelity Trust Company, moved the court that the temporary receivership be dissolved; that no permanent receiver be appointed, and that the action be dismissed, for that plaintiffs had not complied with the terms and conditions of the deed of trust under which the bonds held by them were issued, contending that plaintiffs could not maintain this action without showing that they had first complied with these terms and conditions. The court denied defendant's motion, holding that plaintiffs, in behalf of themselves and other creditors, had a right to bring this action under the statute, C. S., 1185, and that the action not being neces-

sarily for the foreclosure of the deed of trust, plaintiffs were not required, in order to maintain the same, to show that they had, prior to its commencement, complied with the provisions of the deed of trust, made therein conditions precedent to a right of action for the foreclosure of the same.

The court thereupon found from the evidence that defendant corporation is insolvent, and that it was necessary for the preservation of its property and assets that a receiver be appointed therefor, to the end that the affairs of the corporation be wound up, or that such further disposition of the matter be made, as may hereafter, pending the action, appear to the court to be proper. Upon said findings by the court, it was ordered that the receivership be made permanent, and that the permanent receiver therein appointed be authorized, empowered, and directed to take into his possession and to assume full custody and control of all the property of defendant corporation; the said permanent receiver was further authorized, empowered, and directed to continue the operation of defendant's railroad, as the same has been heretofore operated by defendant.

The nature of this action, whether it is an action for the dissolution of the defendant corporation or an action for the foreclosure of the deed of trust by which the bonds held by plaintiffs are secured, will be determined, first, by the relief prayed for by plaintiffs, and, second, if upon the facts alleged in the complaint they are not entitled to all the relief prayed for, then by such relief as they are entitled to recover upon said facts. The prayer of his complaint is not the measure of the relief which a plaintiff may recover in this action. It does not narrow the relief which may be recovered, nor does it enlarge such relief. A plaintiff may recover any relief to which he is entitled upon the facts alleged in his complaint and established by his proof. His recovery, however, is limited by such facts. Therefore, the nature of his action must be determined ultimately by the relief to which he is entitled upon the allegations of his complaint. *Shrago v. Gulley,* 174 N. C., 135; *Warren v. Herrington,* 171 N. C., 165; *Baber v. Hanie,* 163 N. C., 588; *Councill v. Bailey,* 154 N. C., 54. In the last cited case, it was held that "when it appears from the complaint in an action to enforce specific performance by the vendee of a contract to convey lands that a court of equity would decree a vendor's lien on the land and order it sold for the payment of the purchase price, if the alleged facts were established, the suit partakes in substance of the nature of an action for the foreclosure of a mortgage, and is removable to the county in which the land is situated." Cited and approved in *Warren v. Herrington, supra.*

In the instant case, plaintiffs seek to recover judgment upon bonds issued by defendant and held by them; they pray that the property

conveyed by the deed of trust, executed by defendant to secure these and other bonds described therein, be sold, and that the proceeds of said sale be applied to the payment of all said bonds pro rata, in accordance with the provisions of the deed of trust. In the absence of matters of defense, plaintiffs are entitled to this relief by an action to foreclose the deed of trust; this remedy is concurrent with and in addition to the right of plaintiffs to have the property sold by the trustee under the power of sale contained in the deed of trust. Ordinarily, a creditor, whose debt is secured by a mortgage or deed of trust, in which a power of sale is conferred upon the mortgagee or trustee, upon default by his debtor, as provided in the mortgage or deed of trust, has a choice of remedies—he may invoke the exercise of the power of sale, or he may bring an action to foreclose the mortgage or deed of trust. If his debtor is a corporation, which has conveyed all its property by deed of trust to secure his debt, as well as the debts of other creditors, and all of the creditors secured thereby have assented to a provision in the deed of trust that no one of said creditors shall have the right to institute any action at law or suit in equity to enforce the security held by him under said deed of trust, may he, notwithstanding such provision, maintain an action for the dissolution of the corporation by means of a receivership in which he prays that the property described in the deed of trust be sold, under the orders of the court, and that the proceeds of said sale be applied to the payment of said secured debts in accordance with the provisions of the deed of trust?

The deed of trust from the Atlantic and Western Railroad Company to the Fidelity Trust Company, by which plaintiffs' bonds are secured, contains a provision in the following words: "No holder of any bond or coupon issued hereunder or secured hereby shall have any right to institute any action at law or suit in equity for the foreclosure of this indenture, or for the execution of any trusts hereunder, or for the appointment of a receiver, or for the protection of the mortgaged premises, or for the enforcement of any covenant of this indenture, or for any other remedy under this indenture, either at law or in equity."

Plaintiffs, when they became holders and owners of bonds issued under the deed of trust, and secured thereby, expressly assented to the foregoing provision. In *Grant v. Winona and S. W. Ry. Co.* (Minn.), 89 N. W., 60, it is said: "Where such a railway bond contains a clear statement that it is one of a series of bonds secured by a mortgage to a trustee upon the property of the railway, every proposed purchaser is thereby advised that if he buys he will be brought into contract relations with his coholders, and that his absolute rights in respect to the foreclosure of the mortgage, or the collection thereby of the principal or interest on his bond, are limited by the provisions of the trust deed and

the peculiar nature of the security. *Guilford v. Railway Co.,* 48 Minn., 560, 51 N. W., 658, 31 Am. St. Rep., 694." The purpose of the provision is manifest—it is for the protection, not only of defendant and of the trustee, but also of other bond-holders who rely upon the deed of trust as security for their bonds. Adequate provisions are made in the deed of trust for the protection of each bond-holder secured thereby, by the trustee who holds the property conveyed to him by the deed of trust "for the equal and proportionate benefit and security, subject to the terms, conditions, and provisions hereinafter set forth, of all present and future holders and owners of the bonds or interest coupons hereunto belonging, issued or to be issued under and secured by this indenture." The provision is valid, and in the absence of an allegation that the trustee has failed or refused, or has neglected to perform his duties, imposed by the deed of trust, is binding upon plaintiffs and all other holders and owners of bonds issued under and secured by the deed of trust. In *Cochran v. Pittsburg, S. and N. R. Co.,* 150 Fed., 682, *Hazel, District Judge,* says: "The mortgage *inter alia* provides that bond-holders shall not have the right to foreclose the mortgage for default of any of its conditions, unless a majority in amount of the holders of bonds outstanding have requested in writing of the trustee that a foreclosure be brought in the name of the trustee and security for costs and liabilities be offered; such notification and indemnification in terms being made a condition precedent to foreclosure. The demurrants contend that the bill does not disclose a proper request to bring this action. Authorities abound that a provision contained in a mortgage such as mentioned in the bill is purely contractual, and ordinarily must be strictly complied with before a bond-holder feeling himself aggrieved can enforce his remedy."

In *Muren v. Southern Coal and Mining Co.* (St. Louis Ct. of Ap., Mo.), 160 S. W., 835, it is said: "It is the policy of the law to sustain the validity of such reasonable provisions inserted in a mortgage deed, securing an issue of bonds which are designed to pass into the hands of separate individual holders for the better security of all, as such security should not be impaired by the conduct of one or a few. . . . In other words, such stipulations contained in the mortgage are not viewed as tending to oust the courts of jurisdiction in the premises, but rather as wholesome restrictions imposed for the better security of all concerned. Therefore, when such provisions are inserted in the mortgage, and the provisions of the mortgage are aptly referred to in the bonds, as here, in plain and unambiguous terms, the courts universally give them effect as a proper means of protecting the security for the benefit of the entire series of bonds. See *Guilford v. Minn.. etc., R. Co.,* 48 Minn., 560, 51 N. W., 658, 31 Am. St. Rep., 694; *Boley v. Lake St., etc., R. Co.,* 64

Ill. App., 305; *Siebert v. Minn., etc., R. Co.,* 52 Minn., 148, 53 N. W., 1134, 20 L. R. A., 535, 38 Am. St. Rep., 530; Jones on Corporate Bonds, etc. (3 ed.), sec. 340a; *Belleville Savings Bank v. So. Coal Co.,* 173 Ill. App., 250." In *Siebert v. Minn. etc., R. Co., supra,* it is said: "We are unable to see why the bond-holders, subject to reasonable limitations, may not be bound by stipulations in the mortgage of this character, waiving a default, and providing, subject to the conditions named, for the foreclosure by the trustee exclusively. The interests of the bond-holders as a class, and the nature of the security, are to be considered. 'They are agreements which the bond-holders are at liberty to make, and there is nothing illegal or contrary to public policy in them.' *Chicago D. and W. R. Co. v. Fosdick,* 106 U. S., 47, 27 L. Ed., 47. Each bond-holder enters into contract relations with each and all of his cobond-holders. His right to appropriate the security in satisfaction of his bond in such lawful manner as he may choose is modified, not only by the express provisions of the mortgage, but by the peculiar nature of the security."

Plaintiffs' right to institute and maintain this action, whether it is an action for the dissolution of defendant corporation or an action for the foreclosure of the deed of trust, is restricted by provisions in the deed of trust; these provisions are designed for the protection of the holders of all the bonds secured in said deed, and, being reasonable, are valid; plaintiffs, having failed to comply with these reasonable and valid restrictions, are not entitled to the relief which they seek in this action. We find nothing in *Lasley v. Scales,* 179 N. C., 578, or in *Banks v. Mfg. Co.,* 176 N. C., 318, requiring a conclusion to the contrary. In *Banks v. Mfg. Co., supra,* plaintiff was the owner of all the bonds secured by the mortgage, and it is held that the restrictive provisions in the mortgage were therefore of no force. In *Lasley v. Scales, supra,* a receiver had been appointed, and the controversy was between the trustee in the deed of trust and the receiver appointed by the court with respect to the right to sell the property conveyed in the deed of trust. In neither case is the question herein presented decided.

It appears from the complaint that defendant has conveyed all its property to the trustee, by the deed of trust; defendant has no assets available for the payment of its bonds which are not covered by and subject to the deed of trust. Plaintiffs, therefore, can recover no relief by an action for the dissolution of defendant corporation which it is not entitled to under the deed of trust. They have no interest in defendant, or in its property, except as holders and owners of its bonds, secured by the deed of trust. Upon default in the payment of said bonds, or of the interest coupons attached thereto, as provided in the deed of trust, plaintiffs are entitled to have their pro rata share of the

property conveyed in the deed of trust to secure said bonds applied to their payment. Their remedy under the deed of trust is adequate. Having agreed to rely upon this remedy only for the enforcement of their rights as holders of the bonds, they must be content therewith. It is to be presumed that they seek only the relief to which they are entitled; it will be presumed that they have no ulterior purpose with respect to defendant or its property.

There was error in appointing a receiver for defendant in this action. The action should be dismissed; it is remanded to the Superior Court of Lee County for that purpose. The order is

Reversed.