CAROLINA MORTGAGE COMPANY v. DR. V. M. LONG AND HIS WIFE, HANNAH LONG.

(Filed 10 January, 1934.)

**1. Venue D a—**

A motion for change of venue as a matter of right made before time for filing answer has expired is made in apt time. C. S., 470.

**2. Venue A a—**

Upon a motion for change of venue as a matter of right the nature and purpose of the action is to be determined by the allegations of the complaint and not the prayer for relief.

**3. Pleadings A f—**

The prayer for relief does not narrow or enlarge the relief to which plaintiff is entitled, the relief to which he is entitled being determined by the allegations of the complaint established by evidence.

**4. Venue A a—Where allegations, if established, would entitle plaintiff to foreclosure, action is removable to county in which land lies.**

Where the allegations of the complaint, if established, would entitle plaintiff to judgment for a sum of money and to a decree foreclosing the mortgage on lands securing such sum, the action involves title to real estate, and when the action is brought in the county of the corporate plaintiff's residence, C. S., 469, it is removable as a matter of right to the county in which the land is situate upon defendant's motion aptly made, 463(3), and plaintiff may not defeat the right of removal by failing

to pray specifically for a decree of foreclosure where the prayer for relief is for the sum of money and for such other and further relief as plaintiff may be entitled to in law or equity.

STACY, C. J., dissents.

APPEAL by defendants from *Frizzelle, J.,* at September Term, 1933, of WAKE. Reversed.

This action was heard on the motion of the defendants, made in apt time, and as a matter of right, that the action be removed from the Superior Court of Wake County, where it was begun and where it is now pending, to the Superior Court of Forsyth County, for trial.

The defendants contended at the hearing of their motion that it appears from the allegations of the complaint that this is an action for the foreclosure of a mortgage on land in Forsyth County, and that for this reason they are entitled, as a matter of right, to its removal to said county, for trial.

The plaintiff contended, on the other hand, that it appears from its prayer for relief that the action is to recover of the defendants the sum of $2,350.71, with interest from 21 August, 1933, and not for the foreclosure of the mortgage described in the complaint, and that for this reason, the action should be tried in Wake County, where the plaintiff, a corporation organized under the laws of this State, has its principal place of business.

The motion was denied, and the defendants appealed to the Supreme Court.

*John N. Duncan and W. G. Mordecai for plaintiff.*
*Elledge & Wells for defendants.*

CONNOR, J. The plaintiff is a corporation, organized under the laws of this State, with its principal place of business in the city of Raleigh, Wake County. The defendants are citizens of this State, and are residents of Forsyth County. The action was begun and is now pending in the Superior Court of Wake County, which is the proper venue for its trial (C. S., 469, *Smith-Douglass Co. v. Honeycutt,* 204 N. C., 219, 167 S. E., 810), unless, as contended by the defendants, the action is for the foreclosure of a mortgage on land in Forsyth County. In that case, the proper venue for its trial is Forsyth County (C. S., 463(3), *Connor v. Dillard,* 129 N. C., 50, 39 S. E., 641), and there was error in the denial of defendants' motion for its removal, as a matter of right, to said county, for trial. The motion was duly made before the time for the filing of an answer to the complaint had expired, and was therefore in apt time. C. S., 470. The motion was not addressed to the discretion

of the court, but was denied as a matter of law. The only question, therefore, presented by this appeal is whether there was error in such denial, and the answer to this question depends upon the nature and purpose of the action.

The nature and purpose of an action is to be determined by the allegations of the complaint, and not by the prayer for relief on the facts alleged in the complaint. *Jones v. R. R.,* 193 N. C., 590, 137 S. E., 706. In that case it is said that his prayer is not the measure of the relief to which the plaintiff is entitled upon the allegations of his complaint. The prayer does not narrow or enlarge the relief to which the plaintiff is entitled. He may recover such relief as he is entitled to upon the facts alleged in his complaint, and established by his proof. Therefore, the nature of his action must be determined by the allegations of his complaint, and not by the specific relief for which he prays. *Shrago v. Gulley,* 174 N. C., 135, 93 S. E., 458; *Warren v. Herrington,* 171 N. C., 165, 88 S. E., 139; *Baber v. Hanie,* 163 N. C., 588, 80 S. E., 57; *Councill v. Bailey,* 154 N. C., 54, 69 S. E., 760. In the last cited case, which was an action to recover the purchase money for a tract of land, and for the specific performance by the defendant of his contract for the purchase of said land, it is said: "In this case the plaintiff, it is true, asks for a judgment for the purchase money, but he adds a general prayer for such other and further relief as he may be entitled to—that is, not only for a money judgment, but that he may also have full relief according to the facts he has alleged, and within the scope of the case made by his complaint, the allegations of the complaint being sufficient in form and substance to fully warrant a judgment for a specific performance of the contract in every respect, and at least for the declaration of the vendor's lien upon the land, and a direction for a sale thereof to satisfy the debt. Even under the former system, when the two jurisdictions of equity and law were kept separate and distinct, it was settled by actual adjudication and the highest authority that a prayer for general relief covers and includes a prayer for specific performance, or any particular relief permitted under a general prayer, where the statement in the body of the bill was sufficient to authorize the granting of such specific relief."

In the instant case, on the facts alleged in its complaint, the plaintiff prays judgment.

"1. That it recover of the defendants the sum of $2,350.71, with interest thereon from 21 August, 1933;

2. For the costs of the action;

3. For such other and further relief as plaintiff may be entitled to in law or equity."

If the allegations of its complaint are established by its proof at the trial, the plaintiff will be entitled not only to the specific relief prayed for, but also to a decree foreclosing the mortgage executed by the defendants, by which the payment of the sum of $2,350.71, and interest is secured. The land conveyed by the mortgage is in Forsyth County. That county is therefore the proper venue for the trial of the action, and there was error in the denial of defendants' motion for the removal of the action to said county for trial.

Where on the facts alleged in his complaint, the plaintiff is entitled not only to a judgment that he recover of the defendant the amount of his debt, but also to a decree for the foreclosure of the mortgage by which his debt is secured, and the action was begun and is pending in the county in which the plaintiff resides, but the land conveyed by the mortgage is in another county, the plaintiff cannot deprive the defendant of his right, under the statute, to the removal of the action to the county in which the land is situate, for trial, by his failure to pray for a foreclosure of the mortgage, at least, when he prays judgment for his debt, and also for such other and further relief as he may be entitled to, in law or in equity, on the facts alleged in his complaint. If the law were otherwise, the defendant could be deprived of a right conferred by statute (C. S., 463(3)), and not resting in the discretion of the court, or dependent upon the arbitrary choice of the plaintiff. In such case, the plaintiff has not surrendered his right to a decree of foreclosure, in the event he recovers judgment for his debt, and may, after the trial, insist upon such right. This the law does not, and ought not to tolerate.

Reversed.

STACY, C. J., dissents.