MADELINE S. WHITE v. R. G. RANKIN AND A. E. WOLTZ.

(Filed 28 February, 1934.)

**Venue A a—Action held not to involve interest in realty, and motion for removal as a matter of right was properly refused.**

> An action against the endorser of a negotiable note secured by a deed of trust and against the transferee of the equity of redemption on his debt assumption contract in his deed, to recover from each of the parties on their liability on the note is not an action involving an interest in real estate, plaintiff not being entitled to a decree of foreclosure on the facts alleged, neither the trustee nor the trustor being parties to the action, and defendants' motion aptly made, C. S., 913(a), for removal of the action as a matter of right to the county in which the land is situate was properly refused. C. S., 463(1).

APPEAL by defendants from *Shaw, Emergency Judge,* at April Term, 1933, of GUILFORD. Affirmed.

From an order denying their motion for the removal of this action from the Superior Court of Guilford County to the Superior Court of Gaston County for trial, the defendants appealed to the Supreme Court.

*York & Boyd for plaintiff.*
*Geo. B. Mason for defendants.*

CONNOR, J. This action was begun and is now pending in the Superior Court of Guilford County. After the complaint was filed, and before the time for answering had expired, the defendants moved before the clerk of the Superior Court of Guilford County, in writing (C. S., 913(a), that the action be removed from said court to the Superior Court of Gaston County for trial on the ground that it appears from the allegations of the complaint that the action is for the determination of an estate or interest in land situate in Gaston County. C. S., 463(1). The motion was denied by the clerk, and the defendants appealed to the judge of the Superior Court of Guilford County, who heard the motion *de novo,* as provided by statute. C. S., 913(a). The judge was of opinion that the action, as appears from the allegations of the complaint, is *in personam,* and does not involve the title to land situate in Gaston County, nor any interest therein, and accordingly denied the motion.

The only question presented by this appeal is whether there was error in the order of the judge denying defendants' motion, which was made in apt time, and as a matter of right. The answer to this question must be determined by a consideration of the allegations of the complaint.

WHITE *v.* RANKIN.

The facts alleged in the complaint as constituting the cause of action on which plaintiff seeks to recover of the defendants are as follows:

The plaintiff is a resident of Guilford County. The defendants are residents of Gaston County. On 2 January, 1928, the Rankin-Lineberger Realty Company, a corporation, executed a note for $5,000, payable to the order of Leonard White, and due five years after its date. At the date of its execution, and prior to its delivery, the defendant, R. G. Rankin, endorsed the note by writing his name across its back. Thereafter, on 7 February, 1929, the payee of the note, Leonard White, endorsed and transferred the note to the plaintiff. She is now the holder and owner of the note.

The debt sued on was secured by a deed of trust on land situate in Gaston County. This deed of trust was executed by the Rankin-Lineberger Realty Company, the maker of the note, and conveyed the land described therein to R. G. Cherry, trustee. The deed of trust was duly recorded in Gaston County on 24 January, 1928. Thereafter by deed dated 20 November, 1928, the Rankin-Lineberger Realty Company conveyed the land described in the deed of trust to the defendant, A. E. Woltz, who expressly assumed the payment of the note secured by the deed of trust, by a covenant contained in the deed by which the land was conveyed to him.

The note sued on is now due and unpaid.

The plaintiff demands judgment that she recover of the defendant, R. G. Rankin, by reason of his liability as endorser, and of the defendant, A. E. Woltz, by reason of his covenant to pay said note, the sum of $5,000 with interest and costs.

This action does not involve any estate or interest in the land situate in Gaston County and described in the deed of trust referred to in the complaint. On the facts alleged in the complaint, plaintiff is entitled to recover a personal judgment against each of the defendants for the amount due on the note. *Rouse v. Wooten,* 140 N. C., 557, 53 S. E., 430; *Brown v. Turner,* 202 N. C., 227, 162 S. E., 608. She is not entitled on these facts to a foreclosure of the deed of trust by judgment or decree in this action. Neither the grantor nor the trustee is a party to the action. For this reason, *Mortgage Co. v. Long,* 205 N. C., 533, is not applicable to this case.

There is no error in the order denying defendants' motion for removal of the action. The order is

Affirmed.