## MARGIE L. HILL v. ATLANTIC GREYHOUND CORPORATION.

(Filed 7 January, 1949.)

**1. Appeal and Error § 22—**

Where, upon an appeal from denial of motion to remove to another county, it appears that the clerk found that defendant is a domesticated corporation, which finding is supported by the record, and the trial court, who settled case on appeal, certifies that the motion was heard and decided on the theory that defendant is a domesticated corporation, the matter is conclusive, since the Supreme Court is bound by the record.

**2. Appeal and Error § 8—**

The record and appellant's exceptions will be considered in the light of the theory of trial in the lower court.

**3. Venue § 1e—**

A foreign corporation which has domesticated here, G.S. 55-118, may sue and be sued under the rules and regulations which apply to domestic corporations, and is entitled to have an action against it, instituted by a nonresident, removed to the county of its main place of business in this State. G.S. 1-79, 1-82.

APPEAL by defendant from *Edmundson, Special Judge,* March Term, 1948, DURHAM. Reversed.

Action to recover damages for personal injuries, heard on motion to remove to Forsyth County for trial.

Plaintiff is a nonresident of North Carolina. Defendant is a foreign corporation duly domesticated in this State, with its principal place of business, in this State, in Winston-Salem, Forsyth County. Its buses travel through, and it does business in, Durham County.

Plaintiff, alleging that she suffered certain personal injuries while a passenger on one of defendant's buses, which injuries were proximately caused by the negligence of the bus driver, instituted this action in Durham County. The defendant, before answering, appeared and moved as a matter of right that this cause be removed to Forsyth County for trial. When the motion came on for hearing before the clerk, he found the facts, concluded that Forsyth County is the proper venue, and ordered the cause removed as prayed by defendant. Plaintiff appealed. The court below, upon hearing the appeal, reversed the order of the clerk and ordered that the cause be retained on the civil issue docket of Durham Superior Court for trial. Defendant excepted and appealed.

*Egbert L. Haywood for plaintiff appellee.*
*Deal & Hutchins for defendant appellant.*

BARNHILL, J.   The case on appeal in this cause was settled by the trial judge.   While he did not in his judgment find the facts in detail, he certifies that the motion was heard and decided "upon the theory that the defendant corporation was domesticated in the State of North Carolina, and that the records of the office of the Secretary of State would disclose that it was duly authorized to transact business in the State of North Carolina, and that its main place of business was in the City of Winston-Salem, N. C."   The clerk so found, and the record sustains the finding. We are bound by the record as it comes to this Court.   *Mason v. Board of Commissioners, ante,* p. 626; *S. v. Dee,* 214 N. C. 509, 199 S. E. 730.

An appeal to this Court is heard and disposed of on the theory upon which the cause was tried and decided in the court below.   We interpret the record and determine the validity of the exceptions entered in the light of that theory.   *Hinson v. Shugart,* 224 N. C. 207, 29 S. E. (2) 694; *Simons v. Lebrun,* 219 N. C. 42, 12 S. E. (2) 644; *Smith v. Bonney,* 215 N. C. 183, 1 S. E. (2) 371; *Potts v. Insurance Co.,* 206 N. C. 257, 174 S. E. 123, and cases cited; *Thrift Corp. v. Guthrie,* 227 N. C. 431, 42 S. E. (2) 601.

The defendant's motion was entered under authority of G.S. 1-83.   The plaintiff contends that, inasmuch as defendant is a foreign corporation, venue in this cause is controlled by G.S. 1-80.   The defendant insists that for the purpose of suing and being sued the defendant is in effect a domestic corporation and the proper venue for the trial of this cause is the county of its residence.   G.S. 1-79, 1-82.   The contention of the defendant must prevail.

When a foreign corporation complies with the provisions of G.S. 55-118, it subjects itself to the laws of this State and acquires in return certain compensating rights and privileges.   Among these is the right to sue and be sued in the State courts under the rules and regulations which apply to domestic corporations.   *Nutt Corp. v. R. R.,* 214 N. C. 19, 197 S. E. 534; *Bank v. Kerr,* 206 N. C. 610, 175 S. E. 102; *Mortgage Co. v. Long,* 205 N. C. 533, 172 S. E. 209; *Smith-Douglass Co. v. Honeycutt,* 204 N. C. 219, 167 S. E. 810; *Insurance Co. v. Lawrence,* 204 N. C. 707, 169 S. E. 636.

"For purposes of venue of the state courts, it is quite generally held that domesticated foreign corporations are residents of the state in which they have been domesticated."   Anno. 126 A. L. R. 1510.   We have so held.   Hence the defendant, in respect to this motion, must be treated as a domestic corporation.

Since the plaintiff is a nonresident and the defendant, for the purposes of this action, is a resident of Forsyth County, G.S. 1-82 is controlling and Forsyth County is the proper venue for the trial of this cause.   Therefore, the judgment below must be

Reversed.