C. S. LAMB v. ABNER N. STAPLES, JENNIE STAPLES, ALVIN N. STAPLES AND BETTY STAPLES.

(Filed 19 September, 1951.)

**1. Venue § 2a—**

An action for damages for breach of contract to convey timber upon allegation that defendants had breached the contract by conveyance of a part of the timber to another, without the joinder of the grantee of the timber, *is held* not an action for the recovery of real property within the purview of G.S. 1-76, since specific performance could not be decreed, and defendants' motion to remove to the county in which the timber is situate is properly denied.

LAMB v. STAPLES.

**2. Pleadings § 5—**

> The relief to which plaintiff is entitled is to be determined by the allegations of the complaint and not by the specific relief for which he prays.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Morris, J.,* at Chambers 20 January, 1951. From PASQUOTANK.

This is a civil action instituted in Pasquotank County to recover damages for breach of contract.

The plaintiff alleges he entered into a written contract with the defendants to convey to him approximately 1,200 acres of timber lands in Camden County for a consideration of $45,000; that, in the meantime, he had contracted with one L. E. Collins to sell him 295 acres of the land for the sum of $55,000; that the defendants learned of the plaintiff's contract with Collins and conveyed directly to him the 295-acre tract of land for a consideration of $50,000, retaining the remainder of the land which they had contracted to convey to him.

The plaintiff alleges he has been damaged by the failure of the defendants to carry out their contract with him, in the sum of $10,000 as a result of the sale and conveyance of the 295 acres of land by the defendants to L. E. Collins, and in the sum of $90,000, the alleged value of the remaining 905 acres of the 1,200-acre tract the defendants contracted to convey to the plaintiff. He prays for judgment against the defendants for damages in the sum of $100,000.

In apt time the defendants filed a written motion for change of venue to Camden County on the ground that the plaintiff's action is for the recovery of real property or an interest therein. The motion for removal was denied, and the defendants appeal assigning error.

*Howard W. Dobbins and J. W. Jennette for plaintiff, appellee.*
*J. Henry LeRoy for defendants, appellants.*

DENNY, J. The defendants having breached their alleged contract with the plaintiff by conveying a portion of the premises they agreed to convey to him, to L. E. Collins, they are not now in a position to comply with a judgment for specific performance. Moreover, their grantee, L. E. Collins, the present owner of a portion of the 1,200-acre tract of land, is not a party to this action. *White v. Rankin,* 206 N.C. 104, 173 S.E. 282.

The plaintiff in his complaint does not undertake to allege facts to support a decree for specific performance, but on the contrary bottoms his action on the breach of the contract, and seeks to recover damages resulting therefrom. Such an action is not for the recovery of real prop-

erty or any interest therein as contemplated by G.S. 1-76. *White v. Rankin, supra; Warren v. Herrington,* 171 N.C. 165, 88 S.E. 139; *Max v. Harris,* 125 N.C. 345, 34 S.E. 437.

The facts alleged in the complaint in the case of *Mortgage Co. v. Long,* 205 N.C. 533, 172 S.E. 209, upon which the defendants are relying, were held by the court to be sufficient to support a decree of foreclosure although the prayer for relief was for a money judgment only on a note which the plaintiff alleged was secured by a mortgage. The prayer was also for such other and further relief as plaintiff might be entitled in law or equity. Since, under the plaintiff's allegations, it was clearly entitled to a decree of foreclosure, the court held the motion to remove to the county in which the mortgaged premises were situate, should have been allowed.

It is the general rule that a plaintiff may obtain such relief in an action as he is entitled to upon the facts alleged in his complaint and established by his proof. Therefore, the relief to which a plaintiff is entitled must be determined by the allegations in his complaint and not by the specific relief for which he prays. *Mortgage Co. v. Long, supra; Jones v. R. R.,* 193 N.C. 590, 137 S.E. 706; *Shrago v. Gulley,* 174 N.C. 135, 93 S.E. 458; *Warren v. Herrington, supra; Baber v. Hanie,* 163 N.C. 588, 80 S.E. 57; *Councill v. Bailey,* 154 N.C. 54, 69 S.E. 760. In applying this rule to the allegations of plaintiff's complaint, it is clear that the plaintiff is seeking damages only and not specific performance. Consequently, the denial of the defendant's motion to remove this action to Camden County for trial, will be upheld.

Judgment of the court below is
Affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.