OCCIDENTAL LIFE INSURANCE COMPANY v. GEORGE LAWRENCE
AND MARTIN O. LAWRENCE.

(Filed 14 June, 1933.)

**Venue A c—Insurance company complying with C. S., 6411, acquires
right to sue and be sued as domestic corporation.**

Where a foreign insurance corporation has fully complied with the
provisions of C. S., 6411, and has moved its head office to this State and
has domesticated here, it acquires the right to sue and be sued in the
courts of this State as a domestic corporation, C. S., 466, 467, 468, 469,
and where it brings a transitory action in the county of its residence the
defendants are not entitled to removal to the county of their residence
as a matter of right, for although C. S., 1181, excludes insurance com-
panies from its operation, the statutes will be construed in relation to
their subject-matter, and the exception in C. S., 1181, being because in-
surance companies are exclusively dealt with elsewhere.

APPEAL by defendants from *Cranmer, J.,* at 20 April Term, 1933,
of WAKE. Affirmed.

On 16 February, 1933, the Occidental Life Insurance Company insti-
tuted an action in the Superior Court of Wake County against George
Lawrence and Martin Lawrence, who are citizens and residents of

Carteret County. The defendants filed a motion before the clerk of the Superior Court of Wake County before answer (C. S., 470) for change of venue and removal of the cause from Wake County to Carteret County, where the defendants reside. The clerk of the Superior Court of Wake County, N. C., found certain facts and rendered the following judgment:

"This cause coming on to be heard before the undersigned clerk of the Superior Court of Wake County upon motion of the defendants for change of venue for the above entitled cause from Wake County to Carteret County, and it appearing to the court, and the court finding facts as follows: (1) That the Occidental Life Insurance Company, plaintiff, is an insurance corporation, organized, created and existing under and by virtue of the laws of the State of New Mexico. (2) That the said Occidental Life Insurance Company has fully complied with the requirements of section 6411, C. S., and is duly domesticated as an insurance corporation in the State of North Carolina, with its head office and principal place of business in the city of Raleigh, county of Wake, and is duly authorized to conduct and to carry on an insurance business in North Carolina. (3) That all of the records of the said company are kept in its head office and principal place of business in Raleigh, North Carolina, county of Wake, which is the place of business of all of the offices of said company; that the by-laws of the said corporation provide that the principal and head office of the company shall be in the city of Raleigh, State of North Carolina, and that meetings of stockholders, directors and executive committee shall be held at the said office. (4) That the said Occidental Life Insurance Company, plaintiff herein, has duly qualified as a domestic company under the Revenue Act of the State of North Carolina, and is taxable as such, having in the State of North Carolina more than one-fifth of its assets, and pursuant to said act the said company has duly qualified with the Insurance Commissioner of the State of North Carolina a domestic insurance company. (5) That, therefore, for all intents and purposes, and pursuant to the statutes and laws of the State of North Carolina, the said Occidental Life Insurance Company is a duly qualified domesticated corporation with its principal office and place of business in the city of Raleigh, Wake County, North Carolina, and that Wake County is the proper venue for the above entitled action. Therefore, it is considered, ordered and adjudged that motion of defendants filed herein for change of venue be and the same is hereby denied."

To the signing of the foregoing judgment and to the refusal of the clerk to grant a change of venue for the above entitled cause from Wake County Superior Court to Carteret County Superior Court, the defendants except and appeal to the Superior Court of Wake County.

The judgment of the court below is as follows: "This cause coming on to be heard before the undersigned judge of the Superior Court presiding over the courts of Wake County, upon appeal of the defendants from judgment of the clerk of the Superior Court of Wake County denying defendants' motion for removal of the above entitled cause from Wake County to Carteret County, as a matter of right, and it appearing to the court that the judgment of the clerk, heretofore entered, is in all respects proper and in accordance with law, the same is hereby affirmed. This 20 April, 1933.                E. H. CRANMER, *Judge Presiding.*"

To the foregoing judgment as signed defendants excepted, assigned error and appealed to the Supreme Court.

*Willis Smith and John H. Anderson, Jr., for plaintiff.*
*C. R. Wheatley for defendants.*

CLARKSON, J. The question involved: Where a foreign insurance corporation has submitted to domestication in this State by filing its certificate of incorporation with the Insurance Commissioner, and by otherwise complying with the provisions of Consolidated Statutes, 6411, and has designated Wake County as the location of its principal office, and has more than one-fifth of its entire property located in this State, does such corporation thereby acquire the right to sue and be sued on a transitory cause of action in the courts of the county of its principal office? We think so.

C. S., 1181, in part, is as follows: "Requisites for permission to do business. Every foreign corporation before being permitted to do business in this State, insurance companies excepted, shall file in the office of the Secretary of State a copy of its charter or articles of agreement," etc.

In *Smith-Douglass Co. v. Honeycutt, ante,* 219, at p. 221, it is said: "Here the plaintiff submitted to domestication by complying with the requisites of permission to conduct its business in this State. C. S., 1181. It thereby acquired the right to sue and be sued in the courts of this State as a domestic corporation and as the place of its residence as defined by statute is the county of Pasquotank, the plaintiff had the right to bring its suit in that county." See C. S., 466, 467, 468 and 469.

C. S., 6411, under "Insurance," in part, is as follows: "Conditions of admission—A foreign insurance company may be admitted and authorized to do business when it: (1) Deposits with the Insurance Commissioner a certified copy of its charter or certificate of organization and a statement of its financial condition and business, in such form and detail as he requires, signed and sworn to by its president and secretary or other proper officer, and pays for the filing of this state-

ment the sum required by law. (2) Satisfies the Insurance Commissioner, that it is fully and legally organized under the laws of its State or government to do the business it proposes to transact. . . . (3) By a duly executed instrument filed in his office constitutes and appoints the Insurance Commissioner and his successor its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it may be served. . . . (4) Appoints as its agent or agents in this State some resident or residents thereof. (5) Obtains from the Insurance Commissioner a certificate that it has complied with the laws of the State and is authorized to make contracts of insurance," etc.

Defendants contend that C. S., 1181, excepts *insurance companies.* So it does, as there were other statutes that dealt exclusively with insurance companies. The statutes must be construed in relation to the subject-matter. The clerk found, which was sustained on appeal by the court below, "That the said Occidental Life Insurance Company has fully complied with the requirements of section 6411, C. S., and is duly domesticated as an insurance corporation in the State of North Carolina," etc.

We think the findings of fact correct and by analogy the case of *Smith-Douglass Co. v. Honeycutt,* *supra,* controlling. The judgment of the court below is

Affirmed.