NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM v. J. L. KERR AND HIS WIFE, SADIE A. KERR, AND OTHERS.

(Filed 20 June, 1934.)

1. **Venue A a—Action held not to involve realty and was properly brought in county in which corporate plaintiff maintained principal office.**

An action in the nature of an accounting by a corporate plaintiff against individual defendants residing in another county in this State, in which plaintiff seeks judgment on certain notes secured by a deed of trust executed by two of the defendants, and to have the indebtedness thus alleged credited with the amount of a judgment against plaintiff

BANK *v.* KERR.

obtained by the makers of the notes, and to restrain execution on the judgment and to set aside the assignment of the judgment by the makers of the notes to the other defendants, is properly brought in the county in which the corporate plaintiff maintains its principal office. C. S., 469.

2. **Venue A d—Action to have judgment credited on debt due by defendant to plaintiff judgment debtor, and to restrain issuance of execution need not be brought in county in which judgment was rendered.**

Plaintiff brought action praying judgment against two of defendants on notes executed by them and to restrain issuance of execution on a judgment against it obtained by one of the makers, and to have the amount of the judgment credited on the indebtedness due plaintiff, and to have the assignment of the judgment to the other defendants set aside, alleging that the judgment creditor was indebted to plaintiff on the notes in a sum in excess of the amount of the judgment and that he was insolvent, and that the assignees of the judgment knew the facts when the judgment was assigned. *Held,* plaintiff does not seek to restrain execution on the ground that the judgment was void, or seek to attack the validity of the judgment, and the defendant's contention that plaintiff's remedy was by motion in the original cause is untenable, and the Superior Court of the county in which plaintiff maintains its principal office has jurisdiction although the judgment against plaintiff was rendered in the Superior Court of another county.

3. **Pleadings D b—Demurrer on grounds of misjoinder of parties and causes held properly overruled.**

An action against the makers of notes for judgment in the amount thereof and to have a judgment obtained by one of the makers against the payee credited on the amount due on the notes, and against the assignees of the judgment and the sheriff to set aside the assignment and restrain execution on the judgment is not subject to demurrer for misjoinder of parties and causes, the principal relief sought being against the makers, and the relief sought against the other defendants being incidental thereto, and all defendants being necessary parties, C. S., 456.

4. **Execution E a—Judgment debtor held entitled to restrain execution upon allegations that judgment creditor is insolvent and is indebted to him in sum in excess of judgment, and that assignment of judgment was in bad faith and not for value.**

Where a judgment creditor is indebted to the judgment debtor upon notes in a sum in excess of the judgment, and the judgment creditor is insolvent, and has assigned the judgment to third persons, the judgment debtor is entitled to have execution on the judgment restrained to the hearing in his suit to recover upon the notes and to have the judgment credited on the amount due him and to set aside the assignment of the judgment upon allegations that the parties had knowledge of the facts and that the assignment was in bad faith and not for value, the judgment debtor being entitled to the relief sought if the assignment is declared void and set aside.

APPEAL by defendants from *Sinclair, J.,* at Chambers, in the city of Durham, on 10 April, 1934. From DURHAM. Affirmed.

This action was begun in the Superior Court of Durham County, by summons issued on 10 November, 1933.

The plaintiff is a corporation organized and doing business under the act of the Congress of the United States, with its principal office in the city of Durham, Durham County, North Carolina. The defendants are residents of Sampson County, North Carolina.

It is alleged in the complaint that on or about 28 May, 1933, the defendants, J. L. Kerr and his wife, Sadie A. Kerr, for value received, executed and delivered to the plaintiff their promissory note for the sum of $8,500, which is now past due; that said note was not paid at its maturity; and that there is now due to the plaintiff by the said defendants on said note the sum of $7,896.84, with interest from 1 June, 1929.

It is further alleged in the complaint that on or about 5 December, 1925, the defendants, J. L. Kerr and his wife, Sadie A. Kerr, for value received, executed and delivered to the plaintiff their promissory note for the sum of $5,000, which is now past due; that said note was not paid at its maturity; and that there is now due to the plaintiff by the said defendants on said note the sum of $4,372.08, with interest from 1 January, 1930.

It is further alleged in the complaint that at divers times, at the request of the defendants, J. L. Kerr and his wife, Sadie A. Kerr, the plaintiffs advanced for said defendants the aggregate sum of $172.30, for the payment of premiums on policies of insurance, and also the aggregate sum of $241.08, for the payment of certain taxes, which sums the said defendants agreed to pay to the plaintiff; that said defendants have failed and refused to pay said sums to the plaintiff; and that said sums are now due to the plaintiff by the said defendants.

It is further alleged in the complaint that the defendant, J. L. Kerr, has collected certain sums aggregating $300.08, which were due to the plaintiff as rents; and that said defendant has failed and refused to pay or account for said sums to the plaintiff.

It is further alleged in the complaint that in an action begun and pending in the Superior Court of Sampson County, entitled, "J. L. Kerr v. North Carolina Joint Stock Land Bank of Durham," on 5 June, 1933, the defendant, J. L. Kerr, recovered a judgment against the plaintiff for the sum of $2,667.50, with interest from 1 February, 1931, and for the sum of $500.34, with interest from 1 June, 1932; that said judgment was by default final, because of the failure of the plaintiff to file an answer to the complaint within the time required by statute; and that plaintiff's motion that said judgment be set aside because of its excusable neglect to file said answer within said time was denied. See *Kerr v. Bank*, 205 N. C., 410. That at the time said

judgment by default final was rendered in favor of the defendant, J. L. Kerr, and against the plaintiff, the said defendant was indebted to the plaintiff, as appears from the allegations of the complaint, in a sum largely in excess of the amount of said judgment.

It is further alleged in the complaint that after the said judgment by default final was rendered and after plaintiff's motion that the same be set aside was denied, the defendant, J. L. Kerr, attempted to assign the same to his attorneys, the defendants, Geo. E. Butler, and Algernon Butler, and his brother, the defendant, James S. Kerr; that said assignment was not made in good faith, for value, or without notice on the part of the said assignees of the purpose of the defendant, J. L. Kerr, by said assignment, to bar the plaintiff of its right, legal or equitable, to have said judgment applied as a payment on the indebtedness of the said defendant, J. L. Kerr, to the plaintiff; and that said defendants, Geo. E. Butler, Algernon Butler and James S. Kerr, are not purchasers for value, and without notice of said judgment.

It is further alleged in the complaint that on or about 28 November, 1933, the defendant, J. L. Kerr, or the defendants, Geo. E. Butler, Algernon Butler and James S. Kerr, as assignees of said judgment, caused an execution to be issued by the clerk of the Superior Court of Sampson County on said judgment to the defendant, L. C. Parker, sheriff of Sampson County, and that said sheriff, under said execution, has levied on eight tracts of land, situate in Sampson County, and owned by the plaintiff, containing several hundred acres, and has advertised said tracts of land for sale at the courthouse door in the town of Clinton, on 1 January, 1934, to satisfy said execution.

It is further alleged in the complaint that the defendant, J. L. Kerr, is insolvent, and that if the lands owned by the plaintiff are sold by the defendant, L. C. Parker, sheriff of Sampson County, to satisfy the execution now in his hands, the plaintiff will suffer irreparable injury.

On the facts alleged in the complaint, the plaintiff prays judgment:

1. That the plaintiff recover of the defendants, J. L. Kerr, and his wife, Sadie A. Kerr, the amount of their indebtedness to the plaintiff, as alleged in the complaint in this action;

2. That the assignment of the judgment recovered by the defendant, J. L. Kerr, against the plaintiff in the Superior Court of Sampson County to the defendants, Geo. E. Butler, Algernon Butler and James S. Kerr, be declared void, and set aside;

3. That the defendant, L. C. Parker, sheriff of Sampson County, be restrained and enjoined from selling the lands of the plaintiff in Sampson County, under execution issued on said judgment;

4. That the amount of said judgment be applied as a payment on the judgment in this action against the defendants, J. L. Kerr, and his wife, Sadie A. Kerr, and that plaintiff have such other and further relief as it may be entitled to.

The action was heard on a demurrer to the complaint filed by the defendants on the ground (1) that the Superior Court of Durham County is without jurisdiction to enjoin the sale of land under execution issued on the judgment recovered in the Superior Court of Sampson County; (2) that there is a misjoinder in the complaint of both parties and causes of action; and (3) that the facts stated in the complaint are not sufficient to constitute a cause of action against the defendants, Geo. E. Butler, Algernon Butler, James S. Kerr, and L. C. Parker, sheriff of Sampson County.

At the hearing, the plaintiff suffered a voluntary nonsuit as to its cause of action against the defendant, J. L. Kerr, for money collected by the said defendant and due plaintiff as rents.

The demurrer was overruled; a temporary restraining order was continued to the final hearing; and the defendants appealed to the Supreme Court.

*Bryant & Jones for plaintiff.*
*Butler & Butler for defendants.*

CONNOR, J.  This is an action to recover of the defendants, J. L. Kerr, and his wife, Sadie A. Kerr, the amount of their indebtedness to the plaintiff, as alleged in the complaint, and to have the amount of the judgment which the defendant, J. L. Kerr, has recovered of the plaintiff in the Superior Court of Sampson County applied as a payment on the judgment in this action.  In order that it may have the relief prayed for with respect to said judgment, the plaintiff prays that the assignment of the judgment by the defendant, J. L. Kerr, to the defendants, Geo. E. Butler, Algernon Butler and James S. Kerr, be declared void and set aside, and that the defendant, L. C. Parker, sheriff of Sampson County, be restrained and enjoined from selling under execution on said judgment, its lands in Sampson County.  The action is in the nature of an action for an accounting, and was begun and was pending in the Superior Court of Durham County, when the judgment overruling the demurrer, and containing the temporary restraining order was rendered.

The plaintiff is a corporation, organized and doing business under the laws of the United States, with its principal office in the city of Durham, in Durham County, North Carolina.  The defendants are citizens of this State, and residents of Sampson County.  Durham

County is the proper venue for the trial of the action (C. S., 469, *Mortgage Co. v. Long,* 205 N. C., 533, 172 S. E., 209, *Smith-Douglass Co. v. Honeycutt,* 204 N. C., 219, 167 S. E., 810), and the Superior Court of said county has jurisdiction of the action, certainly, as to the defendants, J. L. Kerr and his wife, Sadie A. Kerr.

The plaintiff does not in its complaint attack the judgment which the defendant, J. L. Kerr, has recovered against it in the Superior Court of Sampson County, or attempt to impeach its validity. It concedes that said judgment is conclusive and is not subject to any defense which it may have had the right to interpose in the action in which it was rendered. The principle that the validity of a judgment may be challenged by a party to the action in which it was rendered, and that an execution to enforce such judgment may be recalled or set aside, only by a motion in the action in which the judgment was rendered, and not by an independent action, is not applicable in the instant case. The principle is applicable only where the party against whom the judgment was rendered, seeks to attack the judgment on the ground that on the facts alleged, the judgment is void or voidable. The contention of the defendants that the Superior Court of Durham County was without jurisdiction of this action cannot be sustained.

Nor can the contention of the defendants that there is a misjoinder in the complaint of parties and causes of action, be sustained. The principal relief sought in the action by the plaintiff is against the defendant, J. L. Kerr and his wife, Sadie A. Kerr. The relief sought against the other defendants is but incidental to the relief sought against their codefendants, and may be had in this action. All the defendants are proper and necessary parties to the action. C. S., 456.

This is an action for an accounting between the plaintiff and the defendant, J. L. Kerr, who has a judgment against the plaintiff, which he is seeking to enforce by execution. In view of the insolvency of the said defendant, the plaintiff is entitled to have the amount of said judgment, if the assignment is declared void and set aside, applied as a payment on the indebtedness of said defendant to the plaintiff, and to that end to have the defendants restrained and enjoined until the final hearing from collecting the judgment by execution. The facts alleged in the complaint are sufficient to constitute a cause of action. See *Wright v. Mooney,* 28 N. C., 23; *Noble v. Howard,* 3 N. C., 14; *Odom v. Attaway* (Ga.), 157 S. E., 871, 15 C. J., 1145, section 597. There is no error in the judgment. It is

Affirmed.