THE JOHN P. NUTT CORPORATION v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 15 June, 1938.)

**1. Venue § 1d—**

    The residence of a domesticated corporation for the purpose of determining proper venue is the county in which its principal place of business is located. C. S., 466.

**2. Same—**

> Plaintiff, a domesticated corporation, instituted action against several railroad companies in a county other than its residence. There was no finding nor request to find that the cause of action arose outside the county of plaintiff's residence. *Held:* Defendants' motion to remove to the county of plaintiff's residence should have been allowed.

Appeal by defendants from *Harding, J.,* at March Term, 1938, of Forsyth.

Civil action to recover damages for conspiracy to injure plaintiff's business.

Plaintiff is a Florida corporation, domesticated in this State, and has designated the city of Wilmington, New Hanover County, as the place of its principal office in North Carolina. It is a contract carrier of freight by motor vehicle.

The defendants are railroads engaged in the transportation business in North Carolina. Some are domestic and others are foreign corporations.

The alleged conspiracy relates to the competitive business of transporting gasoline and other petroleum products from the port of Wilmington to various points in North Carolina, including Winston-Salem and Kernersville in Forsyth County.

The action was instituted in Forsyth County, and, in apt time, the defendants lodged a motion for change of venue to New Hanover County as a matter of right. Motion denied and defendants appeal.

*Parrish & Deal for plaintiff, appellee.*

*Frank P. Hobgood for defendant Atlantic & Yadkin Railroad Co.*

*Robert H. Dye for defendant Aberdeen & Rockfish Railroad Co.*

*Richard P. Gwathney and Murray Allen for defendant Atlantic Coast Line Railroad Co.*

*Craige & Craige and Murray Allen for defendant Winston-Salem Southbound Railway Co.*

*W. S. O'B. Robinson, Manly, Hendren & Womble for defendant Piedmont & Northern Railway Co.*

*Manly, Hendren & Womble and W. T. Joyner for defendants Yadkin Railroad Company, High Point, Randleman, Asheboro and Southern Railroad Company and Southern Railway Company.*

Stacy, C. J. For the purpose of suing and being sued in the courts of this State, the plaintiff, by submitting to domestication, has acquired the right of a domestic corporation, with its principal place of business in Wilmington. *Smith-Douglass Co. v. Honeycutt,* 204 N. C., 219, 167 S. E., 810. Therefore, in determining the proper venue, the plaintiff is

to be regarded as a resident of New Hanover County. C. S., 466. We are not now concerned with the right of removal to the Federal Court for trial. *Smith-Douglass Co. v. Honeycutt, supra.*

There is neither finding, nor request to find, that the cause of action arose outside the county of plaintiff's residence. *Motor Service Corp. v. R. R.,* 210 N. C., 36, 185 S. E., 479. Nor is it specifically alleged that the cause of action arose elsewhere. The defendants are railroads. Thus it would seem, upon the instant record, "the action must be tried" (C. S., 468) in New Hanover County, or some adjoining county, unless the place of trial is changed as provided by statute. *Forney v. R. R.,* 159 N. C., 157, 74 S. E., 884; *R. R. v. Thrower,* 213 N. C., 637.

Reversed.