J. D. HODGES v. THE HOME INSURANCE COMPANY OF NEW YORK.

J. D. HODGES v. GRANITE STATE FIRE INSURANCE COMPANY, PORTSMOUTH, NEW HAMPSHIRE.

J. D. HODGES v. THE CONNECTICUT FIRE INSURANCE COMPANY, HARTFORD, CONN.

J. D. HODGES v. NEW HAMPSHIRE FIRE INSURANCE COMPANY OF MANCHESTER, NEW HAMPSHIRE.

(Filed 11 October, 1950.)

**1. Process § 8c—**

 The statutes authorizing substituted service, being in derogation of the common law, must be strictly construed, and compliance with the statutory requirements must appear of record.

**2. Same—**

 The insurance commissioner is not authorized to accept service for foreign insurance companies under the provisions of G.S. 58-150 as amended by Chap. 348, Sec. 2, Session Laws of 1945, the passive agency under the statute being solely for the purpose of constituting him an agent upon whom service on foreign insurance companies may be made in the statutory manner. G.S. 1-89.

APPEALS by plaintiff and by defendants from *Burney, J.,* at February Term, 1950, of BEAUFORT.

Four civil actions consolidated for hearing, and heard in Superior Court upon motion of each of the defendants, respectively, made upon special appearance "to dismiss the action as against it for that there has been no valid service of process herein upon it so as to bring it within the jurisdiction of this court," and upon motions of plaintiff to amend acceptance of service of summonses.

The record shows that the original summons in the first case bears a rubber stamp endorsement as follows: "Service accepted. This 6 day

of May, 1949. For the Home Insurance Company, William P. Hodges, Insurance Commissioner." And the summons in each of the other three cases bears identical endorsement, except as to the name of the defendant.

The court, having heard the evidence offered by plaintiff and the argument of counsel, found these facts:

"1. On May 3, 1949, a summons was issued out of the Superior Court of Beaufort County in each of the above entitled causes directed to the Sheriff of Beaufort County.

"2. Said summons together with copies and copies of the complaint in each action were mailed by attorneys for plaintiff to William P. Hodges, at that time Insurance Commissioner of the State of North Carolina. Check for $4.00 was likewise mailed to said Insurance Commissioner to cover his fees as described by statute.

"3. The Court further finds as facts the facts set forth in the affidavits of William P. Hodges, Miss Lillie E. Lucas, and L. E. Covington, which are referred to and by such reference incorporated herein.

"4. That each of said defendants received the copy of the summons and complaint in each case in the regular course of the mails. That each of said copies so mailed to the defendants as above set out was stamped with said rubber stamp and contained an exact copy of the acceptance of service appearing on the original summons in each case.

"Upon the foregoing facts the Court being of the opinion that the acceptance of service of each of said summons by William P. Hodges, Insurance Commissioner of the State of North Carolina, followed by the mailing of the copies of the summonses and the copies of the complaint by registered mail to each of the defendants at its home office is valid service of the process in each cause."

Thereupon the court denied all motions. Defendants and each of them excepted and gave notice of appeal to Supreme Court. Plaintiff also excepted and appealed to Supreme Court.

*Carter & Carter and D. D. Topping for plaintiff.*
*Rodman & Rodman for defendants.*

WINBORNE, J. *On Defendants' Appeal:* The question here is whether the commissioner of insurance of North Carolina is authorized to accept or waive service of summons in an action against a foreign insurance company doing business in this State. The statute, Article 17 of Chapter 58 of the General Statutes, indicates a negative answer.

Substituted service of process was unknown to common law, but depends upon statutory authorization. And a strict compliance with the provisions of such statute must be shown in order to support a judgment based on such substituted service. The inquiry must be as to whether the

requisites of the statute have been complied with, and such compliance must appear on the record. 42 Am. Jur. 55, Process, Section 66. Indeed, in *Propst v. Trucking Co.,* 223 N.C. 490, 27 S.E. 2d 152, this Court in treating the subject of substituted service of process on nonresident operators of motor vehicles on the public highways of this State, G.S. 1-105, applied the rule of strict compliance.

The statute provides that foreign insurance companies, upon complying with the conditions set forth therein, applicable to them, may be admitted to transact business in this State, etc. G.S. 58-149, as amended by 1945 Session Laws of North Carolina, Chapter 384.

The statute also provides that such insurance company may be admitted and authorized when it, among other things, "3. By a duly executed instrument filed in his office, constitutes and appoints the commissioner and his successor its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it may be served, and therein agrees that any lawful process against it which may be served upon such attorney shall be of the same force and validity as if served on the company . . ." G.S. 58-150, as amended by 1945 Session Laws of N. C., Chapter 384, Sec. 2.

And the statute requires that "The service of legal process upon any insurance . . . company, admitted and authorized to do business in this State under the provisions of this chapter, shall be made by leaving the same in the hands or office of the commissioner of insurance, and no service upon a company that is licensed to do business in this State is valid unless made upon the commissioner of insurance, the general agent for service, or some officer of the company," and that "as a condition precedent to a valid service of process and of the duty of the commissioner in the premises, the plaintiff shall pay to the commissioner of insurance at the time of service the sum of one dollar, which the plaintiff shall recover as taxable costs if he prevails in his action . . ." G.S. 58-153.

And the statute also requires that "When legal process is served upon the commissioner of insurance as attorney for an insurance company under the provisions of this chapter, he shall immediately notify the company of such service by registered letter directed to its secretary and shall state whether or not complaint was served with the process, etc." G.S. 58-154.

Thus it appears that the commissioner of insurance is constituted and appointed the true and lawful attorney only upon whom lawful processes "may be served." The purpose is limited to this, and it is observed that no authority is given the commissioner to accept service of summons. The agency created in compliance with the provisions of the act is, quoting the Supreme Court of the State of Washington, "a passive

agency." See *Bennett v. Supreme Tent KM,* 40 Wash. 431, 82 P. 744, 2 L.R.A. (N.S.) 389, a case similar to the one in hand.

The wording of the statute clearly indicates that the Legislature intended that process should be served in the manner other summonses are served. And, in this connection, it is noted that our statute prescribing procedure for the commencement of civil actions requires that "summons must . . . be directed to the sheriff or other proper officers of the county" in which the defendant resides or may be found, and "must be served by the sheriff to whom it is addressed." G.S. 1-89.

Thus there is error in the ruling of the trial court in denying defendants' motion to dismiss the action on the grounds stated.

*On Plaintiff's Appeal:* The holding on the question presented on defendants' appeal, as above set forth, removes the basis for the question presented on this, the plaintiff's appeal.

Hence, the ruling here is:

On defendants' appeal—Reversed.

On plaintiff's appeal—Affirmed.