NOLAND COMPANY, INCORPORATED, v. LAXTON CONSTRUCTION COMPANY, INCORPORATED, and UNITED STATES CASUALTY COMPANY.

(Filed 2 May, 1956.)

**1. Corporations § 3—**

Domesticated corporations may sue and be sued under the laws which apply to domestic corporations, subject to the limitation that domestication does not deprive the Federal courts of their jurisdiction in respect to foreign corporations.

**2. Same—**

The location of the principal office and place of business of a corporation is a question of fact, and the instrument a foreign domesticated corporation is required to file in the office of the Secretary of State is merely notice of that fact. G.S. 55-118. Therefore, when a domesticated corporation declares in writing that it had moved its principal office from one county to another county on a particular date, it will not be permitted to take advantage of its own neglect for more than 18 days to so inform the Secretary of State as required by the statute.

**3. Venue § 1e—**

Where a domesticated corporation some days prior to its institution of an action on contract, moves its principal office from the county in which the action is instituted, defendants, residents of another county, are entitled as a matter of right to the removal of the action to the county of their residence upon motion aptly made.

JOHNSON, J., not sitting.

APPEAL by defendants from *Bickett, J.,* October Term, 1955, WAKE. Civil action to recover an account for material furnished.

The defendant Laxton Construction Company, hereinafter referred to as the Construction Company, contracted to construct a high school building in Chester, S. C. It executed a performance bond with the defendant United States Casualty Company, hereinafter referred to as Casualty Company, as the surety thereon.

The Construction Company sublet the electrical work in connection with said building to Southeastern Electric Company, Inc., hereinafter referred to as the Electric Company. Plaintiff thereafter furnished the Electric Company material to be used in the performance of its contract to do the wiring, etc. in connection with the construction of said school building. The Electric Company defaulted in the payment for said material, and the plaintiff instituted this action in Wake County to recover from the principal contractor and the surety on its performance bond.

Plaintiff is a foreign domesticated corporation. Formerly it maintained its principal office in Wake County. Sometime prior to 21

March 1955 it removed its principal office and place of business to Durham, Durham County, N. C. On 21 March 1955 it executed a "Certificate of Change of Agent and Location of Principal Office" in which it declares that "The place within the State of North Carolina which now is, and is to be its principal office, is Suite 523, 111 Corcoran Street, in the City of Durham." This instrument was mailed to the Secretary of State of North Carolina on 18 April 1955 and was received on 19 April. There is endorsed thereon the following: "FILED APR. 19 1955, THAD EURE, SECRETARY OF STATE."

Plaintiff instituted this action in Wake County and filed its complaint herein shortly after 11:00 a.m. on 19 April 1955.

It is stipulated by the parties that the defendants are residents of Charlotte, Mecklenburg County, N. C. They, in apt time, moved the court to transfer the cause to Mecklenburg County, N. C., for the reason neither plaintiffs nor defendants are residents of Wake County. Later they also moved the court for a removal to Mecklenburg County for the convenience of witnesses and to promote the ends of justice.

The court below found that the burden of showing a change of residence of plaintiff from Wake to Durham prior to the institution of this action rested on the defendants, and that they had failed to carry the burden of so proving. It was of the opinion that plaintiff's place of business remained in Wake County until the certificate of change of residence was actually filed in the office of the Secretary of State, and that as we do not count fractions of a day, plaintiff was a resident of Wake County on 19 April 1955 and was therefore authorized to institute, and may now maintain its action in Wake County. Thereupon the court entered its order denying the motion of defendants to remove the cause to Mecklenburg County as a matter of right and also denied defendants' motion to remove for the convenience of witnesses and to promote the ends of justice. Defendants excepted and appealed.

*A. L. Purrington, Jr. for plaintiff appellee.*
*Lassiter, Moore and Van Allen for defendant appellants.*

BARNHILL, C. J. The decisive question in this case is this: Was plaintiff's principal office and place of business located in Wake County on 19 April 1955, the day this action was instituted? The court below answered in the affirmative. We are constrained to hold to the contrary.

Our law of corporations is in large measure contained in ch. 55 of the General Statutes. Provisions therein referring to suits in behalf of or against domestic corporations and foreign corporations which

have submitted to domestication must be read *in pari materia,* subject to the limitation that domestication does not deprive the Federal courts of their jurisdiction in respect to foreign corporations.

Domesticated corporations may sue and be sued under the laws which apply to domestic corporations. *Hill v. Greyhound Corp.,* 229 N.C. 728, 51 S.E. 2d 183; *Smith-Douglass Co. v. Honeycutt,* 204 N.C. 219, 167 S.E. 810.

The location of the principal office and place of business of a corporation is a fact. The instrument a foreign domesticated corporation is required to file in the office of the Secretary of State, G.S. 55-118, is merely notice of that fact. It is not required for the benefit of the corporation, but for the information of the public. And it does not, in and of itself, fix the location of the place of business of the corporation which files the same. Herein is where the court below fell into error.

The principal office and place of business of plaintiff has been in Durham County since sometime prior to 21 March 1955. This is established by its own solemn declaration in writing. It will not be permitted to take advantage of its own neglect for more than eighteen days to so inform the Secretary of State as required by G.S. 55-118 and assert that because it neglected to act promptly in this respect its principal office and place of business continued to be and remained in Wake County. It is estopped by its own declaration to so contend, and, in any event, its contention is without foundation.

Since the plaintiff instituted this action in a county other than in the county of its residence where it maintained its principal office and place of business, defendants were and are entitled to have this cause removed to Mecklenburg County as a matter of right.

"Considering the statutes *in pari materia* it has been consistently held by this Court that where the plaintiff is not a resident of the county in which an action is instituted, or is not otherwise entitled to maintain the action therein as a matter of right, the defendant may require the removal of the cause to the county of his residence by complying with the terms of the statute. When the motion to remove to the county of the residence of the defendant, the action not having been brought in the proper county, is made, the question of removal is not one of discretion, but 'may' means *shall,* or *must,* and it becomes the duty of the judge to remove the cause. (Cases cited.)" *R. R. v. Thrower,* 213 N.C. 637, 197 S.E. 197; *Teer Co. v. Hitchcock,* 235 N.C. 741, 71 S.E. 2d 54; *Roberts v. Moore,* 185 N.C. 254, 116 S.E. 728; *McIntosh,* N.C. P & P, 279, sec. 295.

It is a matter of common knowledge that Mecklenburg County is bordered by the northern line of South Carolina, and that Chester,

S. C., is a town in South Carolina near Charlotte, the county seat of Mecklenburg County. Hence it would seem that the court below might well have granted the motion to remove for the convenience of witnesses. However, whether this motion should be granted rested in the sound discretion of the court below, and we do not hold that it abused its discretion in declining to remove for this cause.

An order will be entered removing this cause to Mecklenburg County for trial. To that end the judgment entered in the court below is
  Reversed.

JOHNSON, J., not sitting.