CRAIN AND DENBO, INC. v. HARRIS & HARRIS CONSTRUCTION COMPANY, INC., AND AETNA INSURANCE COMPANY.

(Filed 15 April, 1959.)

1. **Venue § ½: Courts § 3—**

The Superior Court is one court having statewide jurisdiction, and the question of venue is not jurisdictional.

2. **Same—**

Venue is exclusively statutory.

3. **Insurance § 1: Process § 8e—**

Compliance with G.S. 58-150 by a foreign insurance company gives it the right to sue and be sued in our courts under the rules and statutes applicable to domestic corporations and designates the State Commissioner of Insurance its true and lawful attorney upon whom all lawful process against it may be served, but does not constitute Wake County the principal office of such company for the purpose of determining venue.

4. **Corporations § 2—**

Statutes relating to suits in behalf of or against domestic corporations and foreign corporations which have submitted to domestication must be read *in pari materia*, but G.S. 58-150 does not require a foreign insurance company to file a statement in the office of the Commissioner of Insurance setting forth its principal place of business, and where it has not done so, compliance with G.S. 58-150 does not constitute Wake County the county of its residence.

5. **Venue § 1a—**

Where the evidence discloses that neither the foreign insurance company nor the domestic corporation, sued jointly as defendants, had its principal place of business in Wake County, neither is entitled to have the cause, instituted in another county, removed to Wake County as a matter of right, and the contention of the insurance company that its compliance with G.S. 58-150 rendered Wake County the county of its residence for the purpose of venue, is untenable. G.S. 1-79, G.S. 1-82.

APPEAL by defendants from *Paul, J.,* August Civil Term 1958 of WAYNE.

Civil action to recover damages for an alleged breach of a subcontract entered into between plaintiff and Harris & Harris Construction Company, Inc., and for an alleged breach by Harris & Harris Construction Company, Inc., as principal, and by Aetna Insurance Company, as surety, of a bond given by them jointly and severally to indemnify plaintiff against any breach of the subcontract by Harris & Harris Construction Company, Inc., heard upon a separate and similar motion by each defendant to remove the action for trial as a matter of right to the Superior Court of Wake County.

From a denial of the motions for removal of the action as a matter of right by the Clerk of the Superior Court of Wayne County, each defendant appealed to the Judge of the Superior Court.

The Judge hearing the appeal from the Clerk's order, after considering the complaint, the affidavits offered in evidence, and the arguments of counsel, made findings of fact, which are not excepted to by defendants, and are summarized as follows:

This action was instituted by plaintiff in the Superior Court of Wayne County by issuance of summons on 21 April 1958. The summons were duly served on each of the defendants, and each of them on 19 May 1958 filed separate motions within the time allowed by law to remove the action as a matter of right to the Superior Court of Wake County for trial.

Plaintiff is a North Carolina corporation, and has its principal office in Durham, North Carolina. Defendant, Harris & Harris Construction Company, Inc., is a North Carolina corporation, and has its principal office in Durham, North Carolina. Defendant, Aetna Insurance Company, is a Connecticut corporation, and has its principal office in Hartford, Connecticut. The Aetna Insurance Company has complied with the provisions of N. C. G. S. Section 58-150, and was, at all times relevant to this action, admitted and authorized to do business in North Carolina, which business included the writing of insurance policies and the executing of indemnity bonds as surety.

The Aetna Insurance Company has not filed with the Commissioner of Insurance of North Carolina any instrument in writing designating a registered or principal office in North Carolina, and there are no official records on file in the office of the State Commissioner of Insurance indicating that the Aetna Insurance Company has a registered or principal office in Wake County.

The Aetna Insurance Company maintains in Charlotte, Mecklenburg County, North Carolina, a supervisory office. Earl K. Whitney,

who lives in Mecklenburg County, is manager of this office, and is secretary of the Aetna Insurance Company in North Carolina. This office in Charlotte supervises all of the local and special agents and adjusters of the Aetna Insurance Company throughout North Carolina, including offices located in Winston-Salem and Raleigh, North Carolina.

No motion has been made by any of the parties that this action should be removed for trial to the Superior Court of Durham County.

The complaint alleges that Harris & Harris Construction Company, Inc., entered into a subcontract with plaintiff to construct and install certain water and sewer improvements for the Town of Mt. Olive, Wayne County, North Carolina, and that Harris & Harris Construction Company, Inc., as principal, and Aetna Insurance Company, as surety, executed and delivered to plaintiff their joint and several bond indemnifying plaintiff against loss upon failure of Harris & Harris Construction Company, Inc., to perform the said subcontract, and that there has been a breach of the subcontract and of the bond.

From the facts found by the Judge, he made the following conclusions of law:

"1. That by Statutory direction, G.S. 58-150, the defendant, Aetna Insurance Company, has constituted and appointed the Commissioner of Insurance as its true and lawful attorney upon whom all lawful process in any action or legal proceeding against said defendant in this State may be served; that the purpose of this Statute is limited solely to the designation of said Commissioner of Insurance as process agent upon whom service on said defendant, Insurance Company, may be made; that compliance with this Statute by the defendant, Aetna Insurance Company, does not constitute the office of the Commissioner of Insurance of North Carolina as the registered or principal office of said Company in this State.

"2. That Wake County is not a proper county for the removal of this cause of action; that the defendants are not entitled, as a matter of right, to have said action removed to Wake County."

Whereupon, the Judge entered an order denying the motion of each defendant, and each defendant appealed to the Supreme Court. Harris & Harris Construction Company, Inc., has filed no brief in the Supreme Court.

*Fletcher & Lake By: I. Beverly Lake for Aetna Insurance Company, appellant.*

*No Counsel for Harris & Harris Construction Company, Inc., appellant.*

*Taylor, Allen & Warren By: L. C. Warren, Jr., and E. C. Brooks for Crain and Denbo, Inc., appellee.*

PARKER, J.　The Aetna Insurance Company has three assignments of error. The first two are to Judge Paul's conclusions of law Numbers One and Two, and the third is to the entry of the order. Harris & Harris Construction Company, Inc., filed no brief in this Court, but it has three similar assignments of error in the Record.

Neither of the defendants has any exception to Judge Paul's findings of fact. A reading of the Record shows that they are supported by competent evidence, and there seems to be no controversy in respect to their correctness.

Judge Paul in his order did not pass upon the question as to whether or not Wayne County is a proper venue for the trial of this action. The jurisdiction of the Superior Court of Wayne County is not challenged. The Superior Court is one court having statewide jurisdiction. *Lovegrove v. Lovegrove,* 237 N.C. 307, 74 S.E. 2d 723; *Rhyne v. Lipscombe,* 122 N.C. 650, 29 S.E. 57.

The sole question presented for decision of this appeal by the Aetna Insurance Company is this: Does the Aetna Insurance Company have the right to have this action removed to the Superior Court of Wake County for trial?

The point here is one of venue. "The venue of civil actions is a matter for legislative regulation, and is not governed by the rules of the common law. *Cooperage Co. v. L. Co.,* 151 N.C. 456. It deals with procedure and is not jurisdictional, in the absence of statutory provisions to that effect." *Latham v. Latham,* 178 N.C. 12, 100 S.E. 131.

N. C. G. S. 58-150 prescribes the conditions for a foreign insurance company to be admitted and authorized to do business in North Carolina. Judge Paul found as a fact that the Aetna Insurance Company has complied with the provisions of this statute, and was, at all times relevant to this action, admitted and authorized to do business in the State, which business included, among other things, the execution of indemnity bonds as surety. The Aetna Insurance Company contends that having complied with the requirements of N. C. G. S. 58-150, and having, pursuant to this statute, designated the North Carolina Commissioner of Insurance as its agent for service of process, it thereby fixed Wake County as its residence in North Carolina for purposes of venue.

When the Aetna Insurance Company, pursuant to N. C. G. S. 58-150(3), designated the State Commissioner of Insurance its true and lawful attorney upon whom all lawful processes in any action

against it may be served, it created "a passive agency" for the service of lawful process alone, and the statute gives no authority to the Commissioner even to accept service of process for the Aetna Insurance Company. *Hodges v. Insurance Co.,* 232 N.C. 475, 61 S.E. 2d 372. N. C. G. S. 58-150(3) provides residents of this State a simple procedure to be followed in obtaining service of lawful process upon foreign insurance companies doing business here, and nothing more. There cannot be read into the clear language of N. C. G. S. 58-150(3) the contention of the Aetna Insurance Company, that when it designated the State Commissioner of Insurance its agent for service of process, it thereby fixed Wake County as its residence in North Carolina for purposes of venue. If the General Assembly had so intended, as contended by the Aetna Insurance Company, it would have incorporated language to that effect in the statute.

However, when the Aetna Insurance Company complied with the provisions of N. C. G. S. 58-150, it acquired the right to sue and be sued in the State courts under the rules and statutes, which apply to domestic corporations. *Noland Co. v. Construction Co.,* 244 N.C. 50, 92 S.E. 2d 398; *Hill v. Greyhound Corp.,* 229 N.C. 728, 51 S.E. 2d 183; *Nutt Corp. v. R. R.,* 214 N.C. 19, 197 S.E. 534; *Insurance Co. v. Lawrence,* 204 N.C. 707, 169 S.E. 636; *Smith-Douglass Co. v. Honeycutt,* 204 N.C. 219, 167 S.E. 810. For purposes of venue, it is generally held that domesticated foreign corporations are residents of the state in which they have been domesticated. Annotation 126 A.L.R. 1510.

Provisions in our statutes "referring to suits in behalf of or against domestic corporations and foreign corporations which have submitted to domestication must be read *in pari materia,* subject to the limitation that domestication does not deprive the Federal courts of their jurisdiction in respect to foreign corporations." *Noland Co. v. Construction Co., supra.*

The Aetna Insurance Company states in its brief: "G.S. 1-80, dealing with the venue of suits against foreign corporations likewise has no application to this case. The defendant, Aetna Insurance Company, has been domesticated in North Carolina since 1901. It is, therefore, treated as a domestic corporation for purposes of venue."

*Hill v. Greyhound Corp., supra,* was a transitory action, as this instant case is a transitory action, heard on a motion to remove the action to Forsyth County for trial. Plaintiff was a nonresident of North Carolina. Defendant is a foreign corporation duly domesticated in this State, with its principal place of business in this State, in Winston-Salem, North Carolina. The Court said: "The plaintiff contends that, inasmuch as defendant is a foreign corporation, venue in this

cause is controlled by G.S. 1-80. The defendant insists that for the purpose of suing and being sued the defendant is in effect a domestic corporation and the proper venue for the trial of this case is the county of its residence. G.S. 1-79, 1-82. The contention of the defendant must prevail. . . . Since the plaintiff is a nonresident and the defendant, for the purposes of this action, is a resident of Forsyth County, G.S. 1-82 is controlling and Forsyth County is the proper venue for the trial of this cause." When the *Hill* case was decided N. C. G. S. 1-79 read: "For the purpose of suing and being sued the principal place of business of a domestic corporation is its residence."

The General Assembly in 1951 Session Laws, Chapter 837, amended G.S. 1-79 to read as follows: "For the purpose of suing and being sued the principal office of a domestic corporation, as shown by its certificate of incorporation pursuant to G.S. 55-2, is its residence." In *Howle v. Express, Inc.,* 237 N.C. 667, 75 S.E. 2d 732, (1953) the Court said: "And the words 'principal place of business,' as so used in the statute, G.S. 1-79, are regarded as synonymous with the words 'principal office' as used in the statute G.S. 55-2 requiring the location of the principal office in this State to be set forth in the certificate of incorporation by which the corporation is formed."

This Court said in *Noland Co. v. Construction Co.,* (1956), *supra:* "The location of the principal office and place of business of a corporation is a fact. The instrument a foreign domesticated corporation is required to file in the office of the Secretary of State, G.S. 55-118, is merely notice of that fact. It is not require dfor the benefit of the corporation but for the information of the public. And it does not, in and of itself, fix the location of the place of business of the corporation which files the same." The *Noland* case does not involve a foreign insurance company.

G.S. 1-79, as rewritten by the 1957 General Assembly, now reads: "For the purpose of suing and being sued, the residence of a domestic corporation is as follows: (1) Where the registered office of the corporation is located. (2) If the corporation having been formed prior to July 1, 1957 does not have a registered office in this State, but does have a principal office in this State, its residence is in the county where such principal office is said to be located by its certificate of incorporation, or amendment thereto, or legislative charter."

G.S. 58-150 does not require a foreign insurance corporation desiring to be admitted and authorized to do business in North Carolina to file a statement in the office of the Commissioner of Insurance setting forth its "principal place of business" or "principal office" or "a registered office."

N. C. G. S. 1-82 reads in part: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement."

In *Bank v. Kerr*, 206 N.C. 610, 175 S.E. 102, the plaintiff was a corporation organized and doing business under the laws of the United States, with its principal office in the City of Durham, Durham County, North Carolina. The defendants were citizens of the State, and residents of Sampson County. The Court said: "Durham County is the proper venue for the trial of the action." Citing C.S. 469, now N. C. G. S. 1-82, and cases.

This is said in 13 Am. Jur., Corporations, Section 148: "In the absence of express statutory provision fixing the locality of the residence of a corporation for particular purposes within the state by which it was created, the general rule is that its residence is where its principal office or place of business is."

Judge Paul's findings of fact show that the Aetna Insurance Company has no registered or principal office located in Wake County. Therefore, it is not entitled as a matter of right to have this action removed for trial to Wake County by virtue of N. C. G. S. 1-79.

Judge Paul's further findings of fact show that the Aetna Insurance Company maintains in Charlotte, Mecklenburg County, North Carolina, a supervisory office; that this office supervises all of the local and special agents and adjusters of the company throughout North Carolina, including offices located in Winston-Salem and Raleigh, North Carolina, and that Earl K. Whitney, who lives in Mecklenburg County, is manager of this office, and secretary of the company in North Carolina. This finding of fact, not excepted to by the Aetna Insurance Company and supported by competent evidence, shows that the Aetna Insurance Company, for purposes of venue, is not a resident of Wake County, within the purview of N. C. G. S. 1-82.

*Insurance Co. v. Lawrence; supra*, is easily distinguishable. In that case the plaintiff, a foreign insurance company, was duly domesticated in North Carolina, with its head office and principal place of business in the City of Raleigh, Wake County, North Carolina. All of its records are kept in its head office and principal place of business in Raleigh, which is the place of business of all the offices of the company. Its by-laws provide that the principal and head office shall be in Raleigh, and that meetings of stockholders, directors and the executive committee shall be held in the principal and head office.

The Aetna Insurance Company is not entitled as a matter of right to remove this action for trial to the Superior Court of Wake County, and its assignments of error are overruled.

Harris & Harris Construction Company, Inc. is a North Carolina corporation, and has its principal office in Durham County, North Carolina. It is not entitled as a matter of right to remove this action for trial to the Superior Court of Wake County, and its assignments of error appearing in the Record are overruled. N. C. G. S. 1-79—1-82.

The order entered by Judge Paul is

Affirmed.