AETNA CASUALTY AND SURETY COMPANY v. PETROLEUM TRANSIT COMPANY, INC.

(Filed 23 March, 1966.)

**1. Corporations § 2—**

　　Where a foreign corporation has complied with the statutory requirements for domestication it is not required to file with the Secretary of State the certificate prescribed by G.S. 55-138, nor is it required to notify the Secretary of State of its principal office in this State.

**2. Venue § 2—**

　　Where the evidence is sufficient to support the court's findings that plaintiff, a nonresident corporation, had domesticated in this State and had brought the action in the county in which it maintained its principal

place of business here, denial of defendant's motion for change of venue will not be disturbed. G.S. 1-82.

MOORE, J., not sitting.

APPEAL by defendant from *Houk, J.,* November 22, 1965, Schedule "B" Session of MECKLENBURG.

This is an appeal from an order denying defendant's motion for change of venue.

Plaintiff, on July 22, 1965, caused summons, for defendant, to issue from the Superior Court of Mecklenburg County, directed to the Sheriff of Robeson County.

The complaint alleged: Plaintiff is a corporation organized under the laws of Connecticut, engaged in writing general casualty insurance business; it it duly authorized and has for many years been engaged in the business of writing insurance in North Carolina; its principal office in this state is in Charlotte; defendant is a corporation organized under the laws of this state; its principal office is in Robeson County; defendant is indebted to plaintiff in the sum of $4,815 for premiums on insurance written for defendant at its request.

Defendant in apt time moved for an order transferring the cause to Robeson County for trial. The basis for the motion is an allegation that plaintiff, a foreign corporation, has never domesticated in North Carolina.

The Clerk heard defendant's motion. He found plaintiff, a nonresident insurance company, had complied with the provisions of G.S. 58-150, and was authorized by the Commissioner of Insurance to do business in this state; it has for many years maintained its principal office in North Carolina at 222 S. Church Street, Charlotte, N. C. Based on his findings, he denied the motion to remove.

Defendant appealed to the Superior Court. There the judge made findings substantially as made by the Clerk. He denied the motion to remove. Defendant appealed.

*John H. Small for plaintiff appellee.*
*J. C. Sedberry and F. D. Hackett for defendant appellant.*

PER CURIAM. The proper venue for an action instituted by a foreign corporation domesticated in this state is in the county in which it maintains its principal place of business. G.S. 1-82; *Crain & Denbo v. Construction Co.,* 250 N.C. 106 (112), 108 S.E. 2d 122.

For the purpose of establishing domestication in the manner required by G.S. 58-150, plaintiff offered in evidence certification by the Commissioner of Insurance that plaintiff had complied with each

and every provision of Article 17, Chapter 58, of the General Statutes. This certificate was sufficient to support the court's finding that plaintiff had domesticated in the manner required for foreign corporations engaged in writing insurance. Plaintiff did not, as defendant contends, having complied with the statute relating to domestication of foreign insurance corporations, have additionally to file with the Secretary of State the certificate required by G.S. 55-138; nor was it, as defendant contends, required to notify the Secretary of State of the location of its principal office in this State. *Crain & Denbo v. Construction Co., supra* (110). "The location of the principal office and place of business of a corporation is a fact." *Noland Co. v. Construction Co.*, 244 N.C. 50 (52), 92 S.E. 2d 398.

There was plenary evidence to support the court's finding that plaintiff's principal place of business was located at 222 S. Church Street in Charlotte.

The judgment denying defendant's motion to remove is
Affirmed.

MOORE, J., not sitting.