MOORE GOLF, INC. v. SHAMBLEY WRECKING CONTRACTORS, INC., AND THE NORTH RIVER INSURANCE COMPANY

No. 7418SC378

(Filed 17 July 1974)

Venue § 2— action by domesticated foreign corporation

     The proper venue for an action instituted by a domesticated foreign corporation is the county where the corporation's registered office is located, not the county where the corporation has its principal place of business. G.S. 1-79.

APPEAL by defendants from Kivett, Judge, 10 December 1973 Session of Superior Court held in GUILFORD County. Heard in the Court of Appeals on 8 May 1974.

This civil action was instituted on 7 September 1973 by plaintiff, Moore Golf, Inc., a Virginia corporation. Plaintiff, pursuant to G.S. 55-138, is domesticated and duly licensed to do business in North Carolina with its registered office and agent being the C. T. Corp. System located in Durham, North Carolina. The defendants are Shambley Wrecking Contractors, Inc., (Shambley), a North Carolina corporation, and North River Insurance Co., (North River), a New Jersey corporation authorized and duly qualified pursuant to the General Statutes of North Carolina to engage in the business of writing various forms of insurance in this State. Defendant Shambley has its registered agent in Orange County while defendant North River maintains its main office in Durham County.

On 1 October 1973, defendants moved pursuant to G.S. 1-83 and G.S. 1-79 for a change of venue from Guilford County to

Orange County. On 11 December 1973, the court entered an order denying this motion, and in so doing stated, "[t]hat plaintiff is a resident in Guilford County and entitled to maintain this action in said county pursuant to G.S. Sec. 1-82; and that trial of this action in Guilford County will best serve the convenience of witnesses and the ends of justice."

The defendants appealed from the denial of their motion.

*Smith, Moore, Smith, Schell & Hunter by Richard A. Leippe for plaintiff appellee.*

*Murdock & Jarvis by David Q. LaBarre for defendant appellants.*

HEDRICK, Judge.

This appeal presents but one question: Did the trial court err in denying defendants' motion for a change of venue?

Defendants contend that a foreign corporation which duly domesticates in this State pursuant to G.S. 55-138(a)(5) is to be treated like a domestic corporation for venue purposes. G.S. 1-79 states: "For the purpose of suing and being sued, the residence of a domestic corporation is as follows: (1) Where the registered office of the corporation is located. * * *" Thus, based upon their contention that both domestic and domesticated foreign corporations are controlled by the same statute, the defendants maintain that the plaintiff improperly instituted this suit in Guilford County and should have brought the suit in the county where it has its registered office, namely, Durham County.

Plaintiff submits that, for purposes of venue, domestic corporations and domesticated foreign corporations should not be equated and that the present venue question is governed by G.S. 1-82. G.S. 1-82 provides, in pertinent part, as follows: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement. . . ." Plaintiff asserts that the place of residence of a domesticated foreign corporation is controlled by a determination of where the party has its principal place of business. The parties do not dispute that Guilford County is the location of plaintiff's principal place of business; and plaintiff, relying mainly upon *Aetna Cas. & Surety Co. v. Petroleum Transit Co., Inc.*, 266 N.C. 756, 147 S.E. 2d 229 (1966) and

*Crain & Denbo v. Harris & Harris Const. Co.*, 250 N.C. 106, 108 S.E. 2d 122 (1959), argues that Guilford County is the proper venue for the trial of this dispute.

Our Supreme Court has spoken on several occasions as to the treatment which is to be accorded domesticated foreign corporations. In each instance the court has determined that such corporations have the right to sue and be sued in the courts of this State under the rules and regulations which apply to domestic corporations. *Noland Co. v. Construction Co.*, 244 N.C. 50, 92 S.E. 2d 398 (1956) ; *Hill v. Greyhound Corp.*, 229 N.C. 728, 51 S.E. 2d 183 (1949) ; *Nutt Corp. v. R. R.*, 214 N.C. 19, 197 S.E. 534 (1938).

However, plaintiff, pointing to *Aetna Cas. & Surety Co. v. Petroleum Transit Co., Inc., supra,* and *Crain & Denbo, Inc. v. Harris & Harris Const. Co., supra,* disagrees with the general principle recited in the paragraph above, and argues that the cases he relies upon establishes the proper venue as the place where the domesticated foreign corporation maintains its principal place of business. The cases plaintiff cites do stand for the proposition which he would like for us to adopt in the instant case; however, we are of the opinion that both cases cited by plaintiff are distinguishable from the present case because they involve domesticated foreign *insurance* corporations. Dean Phillips has analyzed the domesticated foreign insurance corporation exception to the general rule that domesticated foreign corporations are treated like domestic corporations in the following manner:

"A foreign corporation which duly domesticates in this State is considered for venue purposes to be a domestic corporation. Therefore, the foreign corporation venue statute does not cover such corporations. * * * Under existing corporation law such foreign corporations must likewise specify and locate a registered office in this State upon domesticating, and it is solely to this formally specified location that the domestic corporation venue statute now refers residence.

"However, since there is no requirement that foreign insurance corporations locate a registered office upon domesticating in this State, it has been held that the domestic corporation act, dependent for determination of residence upon the formal specification of such a location, does not

apply. Instead, in this case [*Crain & Denbo, Inc., supra*], the court looked to the residual venue statute [G.S. 1-82], which provides that venue is proper in the county where any party resides, and held that such a corporation resides, in contemplation of general law, where it has its principal office or place of business." 1 McIntosh, North Carolina Practice and Procedure, (Phillips Supp.), § 815, pp. 145-146.

Therefore, since the plaintiff in the instant case is a foreign domesticated corporation with its registered office in Durham County, G.S. 1-79, supra, applies; and Guilford County, where the plaintiff has its principal place of business, is not the proper venue. Thus, for the reasons stated, the order of the trial court denying defendants' motion is reversed.

Reversed.

Judges BRITT and CARSON concur.