TRAVELERS INDEMNITY COMPANY v. BOBBY ALAN MARSHBURN

No. 8710DC1208

(Filed 6 September 1988)

Venue § 2.1— foreign corporation—business conducted and office maintained in Wake County—proper venue

Wake County was the proper venue for an action between plaintiff foreign corporation and defendant resident of Duplin County where plaintiff conducted business and maintained a regional office in Wake County. N.C.G.S. § 1-79.

APPEAL by defendant from *Creech (William A.), Judge.* Judgment entered 17 August 1987 in District Court, WAKE County. Heard in the Court of Appeals 7 April 1988.

*Gene Collinson Smith, Esq., for plaintiff-appellee.*

*Rivers D. Johnson, Jr., for defendant-appellant.*

GREENE, Judge.

This is an appeal from the trial court's denial of defendant's motion for a change of venue pursuant to N.C.G.S. Sec. 1-83 (1983). Plaintiff is a Connecticut Insurance Corporation licensed to do business in North Carolina by the North Carolina Insurance Commission. Defendant is a citizen and resident of Duplin County. Plaintiff filed this action in Wake County.

Plaintiff presented evidence by affidavit in which its resident supervisor in Raleigh stated that plaintiff "maintains offices and

does business in the State of North Carolina, with a regional office at 3716 National Drive, Raleigh, N.C. 27612." After hearing the arguments of the parties, the trial judge found that plaintiff did conduct business in Wake County and had a regional office in Raleigh. Therefore, he concluded venue was proper in Wake County and denied defendant's motion. Defendant appeals.

The sole issue before us is whether the trial judge erred in denying defendant's motion for a change of venue where there was no showing that Wake County was defendant's principal place of business.

As a preliminary matter, we note defendant-appellant did not set out in the record an exception immediately following the judicial action to which his exception was addressed, i.e., the order denying his motion. "Exceptions appearing only under purported assignments of error, and not duly noted in the record as required by [Rule 10 of the North Carolina Rules of Appellate Procedure] are ineffective." *State v. White*, 82 N.C. App. 358, 360, 346 S.E. 2d 243, 245 (1986). We nevertheless choose to exercise the discretion granted in Rule 2 of our Appellate Rules and consider defendant's assignment of error because of a change in the applicable venue statute, N.C.G.S. Sec. 1-79, since the appellate courts last addressed this issue. We hold the trial judge did not err in denying defendant's motion.

When an action is not brought in a proper county the question of removal is not one left to the trial court's discretion. *Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E. 2d 54 (1952). Rather, upon motion of a party, the action must be removed where it has not been brought in the proper county. *Id.* Furthermore, an appeal from the refusal of a judge to remove a case to the proper county is not premature. *Coats v. Sampson County Mem. Hosp.*, 264 N.C. 332, 141 S.E. 2d 490 (1965).

Defendant cites the case of *Crain and Denbo, Inc. v. Harris and Harris Const. Co.*, 250 N.C. 106, 108 S.E. 2d 122 (1959) for the proposition that venue was improper in Wake County. In *Crain*, our Supreme Court spoke to the issue of the proper county for venue purposes in an action between a resident of North Carolina and a domesticated foreign insurance company. The Court first

noted that by complying with the provisions of N.C.G.S. Sec. 58-150, the insurance company acquired the right to sue and be sued in state court under the same rules and statutes applicable to domestic corporations. *Id.* at 110, 108 S.E. 2d at 125; *see also Hill v. Atlantic Greyhound Corp.*, 229 N.C. 728, 51 S.E. 2d 183 (1949). In determining how to apply this rule, the Court quoted the then applicable version of Section 1-79 which concerns the residencies of domestic corporations for venue purposes:

> For the purpose of suing and being sued, the residence of a domestic corporation is as follows: (1) Where the registered office of the corporation is located. (2) If the corporation having been formed prior to July 1, 1957 does not have a registered office in this State, but does have a principal office in this State, its residence is in the county where such principal office is said to be located by its certificate of incorporation, or amendment thereto, or legislative charter.

*Crain,* 250 N.C. at 111, 108 S.E. 2d at 126.

The Court found the insurance company did not fall within either subdivision of Section 1-79. The insurance company did not maintain a registered office in Wake County nor was it required under Section 58-150 to file a statement with the Commissioner of Insurance setting forth its "principal or registered office" or "principal place of business." The Court concluded that because the insurance company had no registered or principal office in Wake County, N.C.G.S. Sec. 1-79 did not entitle it as a matter of right to have the action removed to Wake County. *Crain,* 250 N.C. at 112, 108 S.E. 2d at 127.

Therefore, the Court relied on the residual venue statute, N.C.G.S. Sec. 1-82, which provides: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement." The Court then recognized the general common law rule that in the absence of express statutory authority fixing the residence of a corporation within the State, the residence of a corporation is where its principal office or place of business is located. *Crain,* 250 N.C. at 112, 108 S.E. 2d at 127. The Court found that since the insurance company had not shown its principal office or place of business was in Wake County, it was further not entitled to have the action tried in Wake County under Section 1-82.

However, since the *Crain* decision, our General Assembly has amended N.C.G.S. Sec. 1-79. Effective 1 January 1976, the statute now provides:

> For the purpose of suing and being sued *the residence of a domestic corporation is as follows:*
>
> (1) Where the registered or principal office of the corporation is located, or
>
> (2) *Where the corporation maintains a place of business.*
>
> (3) If no registered or principal office is in existence, and no place of business is currently maintained and can reasonably be found, the term "residence" shall include any place where the corporation is regularly engaged in carrying on business.

N.C.G.S. Sec. 1-79 (emphasis supplied).

Under the amended statute, determining the residence of a domestic corporation no longer includes only the application of the two provisions present in the version that existed when the Supreme Court decided *Crain*. As noted above, the general rule is that a domesticated foreign corporation is treated like a domestic corporation for venue purposes. Defendant does not dispute that plaintiff is a domesticated foreign insurance corporation by virtue of plaintiff's compliance with N.C.G.S. Sec. 58-150. Therefore, plaintiff is treated as a domestic corporation for venue purposes and Section 1-79 applies.

The trial judge specifically found that plaintiff was conducting business and was maintaining a regional office in Wake County. Defendant did not except to these findings. Plaintiff comes within the provisions of Section 1-79(2) and therefore is a resident of Wake County. Accordingly, venue was proper in Wake County and the trial judge's decision is

Affirmed.

Judges BECTON and JOHNSON concur.